## W. W. LAWRENCE v. FULTON.

WHERE in ejectment plaintiff claimed title under one Fairbanks, and on the trial, to lay a foundation for giving parol evidence of the contents of a deed from H. to Fairbanks, made an affidavit that he never had possession of the deed, and then introduced a witness who testified that he once had the deed in his possession, and at first thought Fairbanks had it now, but that he had received a letter from Fairbanks saying that he, the witness, had not returned it to him, and now the witness was satisfied that it was not in Fairbanks' possession; that he, witness, had searched among his own papers for the deed without success, and that he believed it was destroyed: *Held*, that the proof of loss was insufficient to authorize secondary evidence of the contents of the deed, because resting upon hearsay—that is, upon the mere letter from Fairbanks, the grantee, in whose possession the deed would properly be, and in whose possession the witness had thought it to be until he received said letter.

In this case the deposition of Fairbanks was offered in evidence by plaintiff, and contained this as the fourth interrogatory: " Have you any conveyance for said premises from any one; if yes, from whom and where is said title deed ?" the answer to which was: " Hatch made a deed to me of said premises in the early part of 1854, and I have the deed now in my possession : " *Held*, that the rejection of this answer when offered in evidence by plaintiff, could not have been such a surprise upon him as on that ground to set aside the verdict against him ; that the only benefit the testimony could have been to plaintiff, was as proof of the contents of the deed, and that counsel could not have expected to read one part of this answer to prove the contents of a lost deed, when the other part proved the deed to be then in possession of the witness.

*Held, further*, that the rejection of this answer on defendant's objection was not waived because not raised when the deposition was taken.

Depositions are subject to all legal exceptions at the trial, save only the objection to the form of an interrogatory where the parties attend the examination.

*Held, further*, that the charge of the Court, that, to enable plaintiff to recover, the jury must be satisfied that the person under whom he claimed "had had an actual *bona fide* occupation, and had subjected the land to his will and control for some space of time—that mere assumption of title coupled with casual

acts of ownership is not sufficient," is not objectionable on the ground that the word "occupation" is more extensive than the word "possession," and conveyed to the jury the idea that the party must have himself lived upon the premises; that the charges given, in connection with this, show that the word "occupation" was used by the Court in the sense of "possession," "subjection to will and control," and there is nothing to indicate that the jury understood it differently.

The word "occupation" may be so used in connection with other expressions, or under peculiar facts of a case, as to signify a residence. But ordinarily the expressions "occupation," "*possessio pedis*," "subjection to the will and control," are employed as synonymous terms, and as signifying actual possession.

Certain instructions asked by plaintiff given with qualification.

Where, in ejectment, plaintiff asked the Court to instruct the jury, "that lapse of time does not constitute an abandonment, but that it consists in a voluntary surrender and giving up of the thing by the owner because he no longer desires to possess it, or thereafter to assert any right or dominion over it;" and the instruction was given with the qualification that lapse of time constitutes the material element in the question of abandonment: *Held*, that it would be more exact to say that lapse of time constitutes a material element to be considered in deciding the question of abandonment, but that the instruction given and the qualification are, in connection, the same in effect.

APPEAL from the Twelfth District.

Ejectment for the undivided half of a tract of land containing about four acres, and alleged in the complaint to be situate in the county of San Francisco, on the Protrero Nuevo, and known as the Hall or Hatch claim, and more recently as the Fairbanks claim.

Plaintiff relied upon possession, principally in Fairbanks, but also in Hatch, and conveyances from Hatch to Fairbanks, from Fairbanks to E. A. Lawrence, and from the latter to himself; and on the trial first offered his own affidavit to prove the loss of the deed from Hatch, and then introduced E. A. Lawrence who testified as stated in the opinion of the Court. Plaintiff then read the deposition of Fairbanks—stating, among other things, that he occupied the premises from 1853 to 1858—with the exception of the answer to interrogatory four. This interrogatory was: "Have you any conveyance for said premises from any one; if yea, from whom, and where is said title deed?" Answer: "I have; Hatch made a deed to me of said premises," excepting, etc. "Hatch made a deed to me of said premises in the early part of 1854, and I have the deed now in my possession." Defendant objected to this answer, and it was

ruled out.   Plaintiff then offered to prove by E. A. Lawrence that he had written to Fairbanks since his deposition was taken for this Hatch deed, and that Fairbanks had replied in a letter, which was read ; and was in substance, that he was mistaken when he said in his deposition that he had the Hatch deed in his possession, and that he had left it with Lawrence, the witness.   Plaintiff then again offered to read answer four.   Ruled out ; plaintiff excepting.   Plaintiff then offered to prove by E. A. Lawrence the existence and contents of the Hatch deed.   Objected to by defendant and ruled out, plaintiff excepting.

It is not necessary to give the charge of the Court, or all of the instructions asked by plaintiff and refused or qualified by the Court. Of the instructions asked by plaintiff, two which were given with qualifications, to wit: the second, which is stated in the last paragraph of the opinion of this Court; and the fourth, which was, " If the jury find that plaintiff or any of his grantors first had possession of the premises, and there was no abandonment, then they must find for plaintiff ;" to which the Court annexed, that " the possession be such as was defined in the fifth charge "—being the charge stated in the opinion.

The jury having found for defendant, and the Court having rendered judgment accordingly, plaintiff moved for a new trial on the grounds, among others:  1st, that the Court erred in excluding answer four in Fairbanks' deposition ; 2d, in rejecting the testimony of Lawrence ; 3d, that plaintiff was surprised at such exclusion and rejection ; 4th, newly discovered evidence ; 5th, surprise at the error in Fairbanks' deposition in stating that he had the deed from Hatch to himself, whereas in fact it was lost.

To show newly discovered evidence, plaintiff read an affidavit of Fairbanks, in effect that he was mistaken in stating in his deposition that he had the deed from Hatch ; that he has searched among his papers and cannot find it; is confident he left it with Lawrence when he deeded him the one-half of the premises in 1858, and that he communicated these things to Lawrence shortly after his deposition was taken.

Also, an affidavit of E. A. Lawrence in effect that he, as attorney of plaintiff, prepared the case for trial, had the deposition of

Fairbanks taken, received his letter stating his mistake as to the Hatch deed only a day or two before the case was tried ; that he gave the conduct of the cause on the trial to J. B. Townsend, and that they were both " taken by surprise in being unable to prove the existence, loss and contents of the deed from Hatch to Fairbanks, by the testimony of deponent and Fairbanks, and in having answer four of Fairbanks' deposition ruled out ;" that affiant is informed and believes that a certain notice—a copy of which was annexed to his affidavit, and which in substance warned all persons not to intrude on the premises in controversy here, and was signed by Hatch as agent of Fairbanks—was published in the "Alta " newspaper three times, in August, 1854 ; that this notice is new evidence, etc. ; that the ruling out of answer four and the testimony of affiant, to prove contents of deed, was " an accident and surprise which ordinary prudence could not have guarded against, and that by such ruling plaintiff was deprived of proving the title of Hatch to the premises ;" that he has found among his papers an affidavit made in 1855, before R. H. Waller, County Recorder of San Francisco ; that the same contains two wafers by which the Hatch deed was annexed to it the last time he saw said deed ; and that plaintiff has never had the deeds from Hatch to Fairbanks and from Fairbanks to affiant in his possession, affiant himself having had sole control of this suit and the premises for plaintiff, etc.

Also, the affidavit of J. B. Townsend that he tried the case as attorney for plaintiff; that the cause was prepared with reference to the admission of the whole of the deposition of Fairbanks as evidence, and also with the expectation of proving by Lawrence the existence at one time, and the loss and contents of the Hatch deed; that by the rejection of this evidence affiant was surprised, and that plaintiff's cause was not in consequence fully presented to the jury, etc.

Plaintiff appeals.

*E. A. Lawrence,* for Appellant.

I.   The point of defendant's objection to proving the Hatch deed was not stated.   (*Mott* v. *Smith,* 16 Cal. 555 ; *Martin* v. *Travers,* 12 Id. 243 ; *People* v. *Glenn,* 10 Id. 37.)   Nor was the

objection to answer four taken when the deposition was taken, and hence it is waived.    (*Jones* v. *Love*, 9 Cal. 68.)

Proof of the existence and loss of the deed from Hatch to Fairbanks was proved by affidavit of plaintiff and testimony of E. A. Lawrence.    (*Bayley* v. *Eaton*, 10 Cal. 147 ; *Fallon* v. *Dougherty*, 12 Id. 104 ; 1 Greenl. Ev. sec. 558, 349 and cases cited in note ; *Folsom's Ex'rs.* v. *Scott*, 6 Cal. 460 ; *Caulfield* v. *Sanders*, 17 Id. 569 ; *Posten* v. *Bassett*, 5 Id. 467 ; *Callier* v. *Corbett et al.* 15 Id. 183 ; *Riley* v. *Hirsch*, 18 Id.)

II.    The letter of Fairbanks, taken in connection with the evidence of E. A. Lawrence, was sufficient to let answer four be read to the jury.    Its rejection was a surprise on plaintiff.    (1 Greenl. Ev. sec. 444 ; 1 Graham & W. New Trial, 217.)

III.    Such answer having been ruled out, and not being before the Court, and the loss of the deed having been proven, the testimony of Lawrence as to the contents of the deed was competent. (See authorities cited under first point.)

IV.    Excluding answer four, when the objection was not made at the time of taking the deposition, was a surprise upon plaintiff which ordinary prudence could not have guarded against ; and the refusal to permit plaintiff to prove by Lawrence the contents of the deed, was a surprise and "honest mistake of counsel."    (1 Graham & W. on New Trial, 179–187.)

V.    The newly discovered evidence set forth in the affidavits is not cumulative, is material and could not have been produced at the trial.    Fairbanks' affidavit comes fully within the rule that "the Court will relieve against the *mistake* of a witness materially affecting the issue."    (1 Graham & W. on New Trial, 217 ; *DeGrow* v. *Dover*, 2 Anst. 517 ; *D'Agrular* v. *Tobin*, 2 Marshall, 265 ; *Richardson* v. *Fuslen*, 1 Bingham, 145 ; *The Inhabitants of Warren* v. *The Inhabitants of Hope*, 6 Greenl. 479 ; *Howe* v. *Briggs*, 17 Cal. 388.)

VI.    The charge of the Judge, though mainly correct, yet was erroneous in several particulars.    It was too general and not applied to the facts in proof.    It states mere abstract propositions of law, and leaves the jury to apply them to the facts, which they did erroneously.    (*People* v. *Honshell*, 10 Cal. 87.)

The fifth instruction says " the jury must be *satisfied* on the evidence that the person under whom plaintiff claims had an actual *bona fide* occupation." Occupation, in ordinary law language, means *personal possession*. This language was too broad, and conveyed to the jury the idea that Fairbanks must have lived on the land, and that it was not enough for him to have held possession otherwise. Occupancy must be actual; possession may be constructive. (Bouv. Law Dic. " Occupancy," " Possession," 4; 3 Dev. 34.)

VII. The Court should have given the second instruction asked by plaintiff. It is bound to instruct the jury on each proposition of law submitted to him by counsel bearing on the evidence. (*Zabriskie* v. *Smith*, 3 Kern. 322; *Conrad* v. *Lindly*, 2 Cal. 173; *Russel* v. *Amador*, 3 Id. 400; *Jamson* v. *Quivy*, 5 Id. 490.) And for error in refusing proper instructions, this Court will reverse the judgment. (*Busenius* v. *Coffee*, 14 Cal. 93.)

When an instruction is refused, the Court must state the grounds of refusal so as not to mislead the jury. (*People* v. *Hurly*, 8 Cal. 392; *People* v. *Ramirez*, 13 Id. 172.)

VIII. The Court erred in qualifying the second instruction asked. (See cases cited under seventh point.)

The qualification " that lapse of time constitutes the material element in abandonment," was error. (*Partridge* v. *McKinney*, 10 Cal. 183; *Bird* v. *Lisbros*, 9 Id. 1; *Crandall* v. *Wood*, 8 Id. 144; *Stevens* v. *Mansfield*, 11 Id. 363; *Williams* v. *Nelson*, 24 Pick. 141; *Penthinger* v. *Hutchinson*, 1 Watts, 46; *Waring* v. *Crow*, 11 Cal. 366; *Leigh Co.* v. *Ind. Ditch Co.*, 8 Id. 323.)

*Crockett & Crittenden*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action of ejectment. The plaintiff claims title under Henry Fairbanks, and on the trial offered to give parol evidence of the contents of a deed from H. A. Hatch to Fairbanks. This offer was rejected by the Court, and the plaintiff excepted. No ground of objection to this testimony is specified in the statement, but from

the character of the testimony given in relation to the offer, it is apparent that the reason of its being rejected was that no sufficient proof was made of the loss of the deed.    E. A. Lawrence, a witness for the plaintiff, testified that he once had the deed in his possession, and at first thought Fairbanks had it now, but that he had received a letter from Fairbanks saying that he, the witness, had not returned it to him, and now the witness was satisfied that it was not in Fairbanks' possession.    The witness then testified as to his search among his own papers for the deed without effect, and his belief that it was destroyed.    An affidavit of the plaintiff also showed that he had never had possession of the deed.    The obvious defect of this proof is that it rests upon hearsay—that is, upon a letter from Fairbanks, and not upon his testimony.    Fairbanks, the grantee, is the person in whose possession the deed would most appropriately be, and in his possession the witness Lawrence thought it was, and has only changed this opinion because he has received the unsworn statement of Fairbanks to the contrary.    This proof of the loss of the deed was insufficient to authorize secondary proof of its contents.

The deposition of Fairbanks was produced on the trial, and his answer to the fourth interrogatory was ruled out by the Court. One ground upon which the plaintiff asked a new trial was, that he was surprised by this ruling.    In this answer the witness says:— " Hatch made a deed to me of said premises in the early part of 1854, and I have the deed now in my possession."    The only benefit that the plaintiff could have derived from this testimony was as proof of the contents of the deed ; but counsel could not have expected to read one part of this sentence to prove the contents of a lost deed, when the other part proved the deed to be then in the possession of the witness.    This proof being ruled out could not be claimed by the defendant, or considered by the Court, to show that in fact the deed was not lost, but its rejection could not have been a surprise upon the plaintiff ; at any rate, not such a surprise as the Court can recognize as a ground for setting aside the verdict.    The objection to this proof was not waived by not being raised when the deposition was taken.    By section four hundred and thirty of the Civil Practice Act, depositions are subject to all legal exceptions at

Lawrence *v.* Fulton.

the trial, but the single objection to the form of an interrogatory in case the parties attend the examination. What is claimed as newly discovered evidence, to wit: a notice published by Hatch in a newspaper, to the effect that Fairbanks claimed the premises in question—was merely cumulative, if it could be at all admitted as evidence.

The Court charged the jury that to enable the plaintiff to recover, they must be satisfied that the person under whom he claimed " had had an actual, *bona fide* occupation, and had subjected the land to his will and control for some space of time—that mere assertion of title, coupled with casual acts of ownership, is not sufficient." This charge is objected to on the ground that the word " occupation " is more extensive than the word " possession," and conveyed to the jury the idea that the party must himself have lived upon the premises. The word "'occupation " may be so used in connection with other expressions, or under peculiar facts of a case, as to signify a residence. But ordinarily, the expressions " occupation," "*possessio pedis*," " subjection to the will and control," are employed as synonymous terms, and as signifying actual possession. (*Plume* v. *Seward*, 4 Cal. 94 ; *Jackson* v. *Schoonmaker*, 2 J. R. 234 ; *Bailey* v. *Irby*, 2 Nott & McCord, 343 ; *Jackson* v. *Woodruff*, 1 Cowen, 285 ; *Jackson* v. *Halstead*, 5 Id. 219.) In this sense, as is apparent from the other charges given in connection with it, the expression was used in this charge, and there is nothing to indicate that the jury understood it in any other sense. All the other charges were as favorable to the plaintiff as the law would allow, and as favorable as he could, under the proofs, have desired.

After the charge was given by the Court, the plaintiff presented a number of instructions. They generally relate to the character of the use or occupancy of the premises which is sufficient to constitute a possessory title, and with special reference to the evidence adduced in this case. They were refused or given with qualifications, according as they varied substantially from the charge already given upon that subject. We discover no error in these rulings, and it would be an unprofitable labor to discuss each one separately. One instruction requested was as follows : " That lapse of time does not constitute an abandonment, but that it consists in a voluntary

surrender and giving up of the thing by the owner because he no longer desires to possess it, or thereafter to assert any right or dominion over it." This instruction was given with the qualification that lapse of time constitutes the material element in the question of abandonment. It would be more exact to say that lapse of time constitutes a material element to be considered in deciding the question of abandonment. But the instruction given and the qualification are in connection the same in effect.

Judgment affirmed.