## PEOPLE *v.* CABANNES *et al.*

When in a criminal proceeding a Justice of the Peace exacts, and the defendants give, a security in the form of a bond on appeal which the statute does not require, no liability results from its execution.

A Justice of the Peace, on conviction of certain parties of the offense of fraudulent and malicious mischief, rendered a judgment imposing a fine, and in default of payment, imprisonment in the county jail.  For the purpose of perfecting an appeal, defendants gave a bond reciting a money judgment (of the same amount as the fine) and binding the sureties for its payment, and setting forth substantially the conditions required in an undertaking on appeal to the County Court in civil cases:  *Held*, in an action against the sureties on the bond, after affirmance of the Justice's judgment, that the instrument was not authorized by the statute, and that no action could be maintained upon it.

Appeal from the Twelfth Judicial District.

The complaint in this action sets forth that on the nineteenth day of April, 1861, Thomas McNabb and three others were tried in a Justice's Court in San Mateo county, for the offense of " fraudulent and malicious mischief," and a verdict of " guilty " rendered

People v. Cabannes.

against them by the jury; that upon the verdict, the Justice entered a judgment "that said defendants each pay a fine of one hundred dollars, and that in default of such payment the said defendants be imprisoned in the county jail of said county of San Mateo for the period and term of fifty days;" that "the defendants in said action being then and there desirous of appealing from the said decision of said Justice to the County Court of the said county of San Mateo, gave and filed due notice thereof, and the defendants herein, Jean Cabannes and B. G. Lathrop, for the purpose of enabling the defendants therein to perfect their said appeal and stay the execution of said judgment, executed, delivered and filed their certain undertaking," a copy of which undertaking was attached to the complaint, and is as follows.

"STATE OF CALIFORNIA:

"*In the Justice's Court, third township, in and for the county of San Mateo.*

"Know all men by these presents, that we, Louis Dertigues, Thomas McNabb, Andrew McKenzie and Peter Sarlot, as principals, and Jean Cabannes and B. G. Lathrop, as securities, are held and firmly bound unto the people of the State of California, executors, administrators and assigns, in the full sum of four hundred dollars, to the payment of which well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally firmly by these presents. Signed with our hands and sealed with our seals, this third day of May, A. D. 1861.

"The condition of the above undertaking is this: that whereas the said People of the State of California obtained a judgment against the said Dertigues, McNabb, McKenzie and Sarlot, before J. W. Turner, Esq., Justice of the Peace of the township and county aforesaid, on the third day of May, A. D. 1861, for four hundred dollars and costs; and whereas the above bounden Dertigues, McNabb, McKenzie and Sarlot are desirous of appealing from the decision of the said Justice to the County Court of the county of San Mateo; now if the above bounden Dertigues, McNabb, McKenzie and Sarlot shall well and truly pay, or cause to be paid, the amount of the said judgment and all costs, and

obey any order the said County Court may make therein, if the said appeal be withdrawn or dismissed, or pay the amount of any judgment and all costs that may be recovered against the said appellants in the said County Court, and obey any order the said Court may make therein, then this obligation to be null and void; otherwise, in full force and virtue.

"JEAN CABANNES, [Seal.]

"B. G. LATHROP.   [Seal.]

"Approved this third day of May, A. D. 1861.

"J. W. TURNER, Justice of the Peace."

With the justification of the sureties attached in the usual form.

The complaint further shows that the bond was approved and accepted by the Justice, execution stayed and appeal perfected; that at the July term of the County Court the case was heard on appeal, and the judgment of the Justice's Court affirmed; that neither the defendants in the criminal proceeding nor the sureties, the present defendants, have paid any portion of the fines imposed by the judgment; and that by reason of these facts the defendants have become liable to pay the sum of four hundred dollars to the people of the State.

To this complaint the defendants demurred, on the ground that it contained no cause of action against them.

The Court overruled the demurrer, and defendants declining to answer, rendered judgment against them for the amount claimed, from which judgment defendants appeal.

*R. H. Lloyd*, for Appellants.

The only right the magistrate had to take the bond was that which he had acquired by virtue of the statute.

The statute only authorized him to take a particular kind of bond or recognizance; so far as he varies from the statute he acts without authority.

It has been said the bond was good at common law; but the rule is, that "where the condition would impose a greater burden on the obligor than the statutory form allows, or where the obligor is not allowed all the defenses and privileges he is allowed by the statute, in such cases the bond is not good.

In this case the statute allows the defendants to render their bodies in execution of the judgment; the undertaking does not give them this privilege; and therefore, by the rule above stated, it is not good.   (Act concerning Appeals in Criminal Cases, sec. 516.)

*C. M. Fox*, for Respondent.

The judgment in the criminal case was not a judgment of imprisonment, (as it might have been) nor was it a judgment of fine *and* imprisonment, (as it might have been).   It was a judgment of fine only, in the strict sense of the law.   The imprisonment was merely the incident, and not the judgment.   It was imposed merely as security for, and as a means of enforcing the payment, and not as a part of the judgment.   Nor had the defendant the alternative of fine or imprisonment.   It simply gave the people the right to seize the persons as well as the property of defendants, for the purpose of making the fine.   Under such a judgment, on appealing, they were compelled to give, and we to accept, a bond to pay the judgment, not to surrender themselves in execution; the amount of the judgment appealed from being fixed by law, as the penalty of the bond, and the sum in which defendants should be admitted to bail.   (Wood's Dig. 310, sec. 514.)

Section five hundred and sixteen, cited by appellant, gives the form of a recognizance, not on appeal, but where a defendant is held to answer before conviction.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an action upon a paper purporting to be an appeal bond in a criminal case.   The Criminal Practice Act does not require a bond on appeal, and we regard the paper in question as of no force or effect.   The provisions relied on to sustain it are those relating to bail, but an examination of these provisions will show that a different security is contemplated.   The case was tried before a Justice of the Peace, and a judgment rendered imposing a fine, and in default of payment, imprisonment in the county jail.   The bond recites a money judgment, and binds the sureties for its payment; setting forth substantially the conditions required in an undertak-

ing on appeal to the County Court in civil cases. Section five hundred and fourteen of the act referred to provides that "after conviction and upon an appeal, the defendant may be admitted to bail as follows. 1. If the appeal be from a judgment imposing a fine only on the recognizance of bail, that he will pay the same, or such part of it as the appellate Court may direct, if the judgment be affirmed or modified, or the appeal be dismissed. 2. If judgment of imprisonment have been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed." This section prescribes the terms to be complied with in giving bail, and it is obvious that the second subdivision is the one to be considered in determining the effect of the bond. The Justice seems to have regarded the judgment as imposing a fine only, and the counsel for the people contends that this is the proper view to take of it. It is plain, however, that the imprisonment is as much a part of the judgment as the fine; and to be relieved from that, an obligation to pay the fine was not necessary. In taking the bond, the Justice has exacted a security which the statute does not require; and such being the case, we are of opinion that no liability resulted from its execution.

The judgment is reversed, and the cause remanded.