[S. F. No. 2608.     Department One.—June 4, 1903.]

## JOHN SMITH, Respondent, v. EDWARD S. HICKS, Appellant.

EJECTMENT—PRIOR POSSESSION.—An action of ejectment may be maintained for land the title to which is in the state, upon proof of prior peaceable possession, under. claim of right, as against an intruder thereupon who is not in privity with the state's title.

ID.—INCLOSURE OF LAND—FENCES AND NATURAL BARRIERS—PASTURAGE. —Possession may be evidenced by the inclosure of land by fences in connection with natural barriers, sufficient to turn stock, and by the use of the inclosed land for pasturage.

ID.—INCLUSION OF OTHER LAND.—The plaintiff may avail himself of a natural barrier which included other land of an adjoining owner, which was occupied by the plaintiff with the permission of such owner. Such inclusion and occupation is a matter resting solely between the plaintiff and the adjoining owner, and is a false quantity upon the question of prior possession by the plaintiff.

ID.—SUBJECTION TO DOMINION.—In the absence of barriers sufficient of themselves to turn stock, the plaintiff may maintain his case by proof of the actual subjection of the land in controversy to his dominion, by occupying and using it for the purpose to which it was adapted, to the exclusion of any use and occupation by others.

APPEAL from a judgment of the Superior Court of Humboldt County. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

Ernest Sevier, and Denver Sevier, for Appellant.

George D. Murray, for Respondent.

SHAW, J.—This was an action to recover the possession of land. There was a trial by jury, resulting in a verdict and judgment for the plaintiff, from which judgment the defendant appealed within sixty days, and brings up, as the record on appeal, the judgment-roll and a bill of exceptions.

The appellant contends that the court below erred in denying the defendant's motion for a nonsuit. The ground of the motion was, that the evidence was not sufficient to show that plaintiff was in possession of the land at the time of the entry by the defendant. The title to the lands in controversy is vested in the state of California, and the only right in dispute in the case is the right of possession, as between the plaintiff and the defendant. In such cases the plaintiff need not prove title, but may maintain his case upon proof of prior peaceable possession under claim of right as against all but the true owner.

There was sufficient evidence to show that at the time the defendant entered, and for twelve or thirteen years preceding the entry, the plaintiff had been in the peaceable and exclusive possession of the land, using it as a pasturage for his stock, the only use for which it was adapted, claiming the right to so occupy it against all persons except the state, and that during that period it had been inclosed by fences, dikes, and natural barriers sufficient to turn stock. The barrier on the south side was a natural slough, which was situated a considerable distance south of the plaintiff's south line, so as to inclose about twenty acres of the land of the adjoining owner with the land claimed by the plaintiff, all of which was occupied by the plaintiff, and put to the same use during the same period. The plaintiff, however, did not claim the right to the possession of the land south of the division-line, except by the permission of the adjoining owner, and it does not appear that any objection was ever made by that owner to the occupancy by the plaintiff. These facts do not convert the possession by the plaintiff of the land which he claimed from a rightful to a wrongful possession, nor do

they give to the defendant a right to enter upon and possess the land previously possessed by the plaintiff. The inclosing of a part of the land of the adjoining owner in the same field or inclosure with the land claimed by the plaintiff, and its occupancy by the plaintiff in connection with the land in controversy, is a false quantity in the decision of the case. It is a matter resting solely between the plaintiff and the adjoining owner. If others had been in adverse possession of the adjoining lands, the rule may possibly be different; but this it is unnecessary to decide, for such was not the case here. The motion for nonsuit was properly denied.

Errors are assigned upon the giving, refusing, and modifying of certain instructions. The instructions refused and the portions omitted from the instructions asked by the defendant are, for the most part, embraced in substance in the instructions given by the court. So far as they are not included in the instructions given, and so far as the exceptions involve the instructions given, they all relate to the claims of defendant that natural barriers could not supply the place of fences; that the plaintiff could not avail himself of a barrier which also inclosed other lands in his possession, but owned by other third persons in addition to, and in the same inclosure with, the lands in controversy; and that, in the absence of barriers sufficient of themselves to turn stock, the plaintiff could not maintain his case by proof of actual subjection of the land to his dominion by occupying and using it for the purposes to which it was adapted, to the exclusion of any use and occupation by others. None of these claims are well founded in law, and hence, there was no error in the action of the court. (*Coryell* v. *Cain,* 16 Cal. 567; *Sheldon* v. *Mull,* 67 Cal. 299; *McCreery* v. *Everding,* 44 Cal. 252; *Brumagim* v. *Bradshaw,* 39 Cal. 44; *Webber* v. *Clarke,* 74 Cal. 15; *Conroy* v. *Duane,* 45 Cal. 603; *Goodwin* v. *McCabe,* 75 Cal. 586; *Bullock* v. *Rouse,* 81 Cal. 595.)

The judgment is affirmed.

Angellotti, J., and Van Dyke, J., concurred.