[Civ. No. 301.   Second Appellate District.—October 7, 1907.]

## THE PEOPLE, Respondent, v. J. S. BARRETT, S. HARWOOD and REESE LLEWELLYN, Appellants.

CRIMINAL LAW—MISDEMEANOR—UNDERTAKING ON APPEAL—CONSTRUCTION—FINE WITH ALTERNATE IMPRISONMENT.—Where one convicted of misdemeanor by a magistrate was adjudged to pay a fine of $500 and be imprisoned for. thirty days, and in default of payment of such fine that he be imprisoned at the rate of one dollar a day for each dollar of fine, an undertaking on appeal, in so far as it provides for payment of the fine, may be disregarded, and the validity of the undertaking must be determined by its compliance or noncompliance with the second subdivision of section 1275 of the Penal Code.

ID.—ONEROUS PROVISION—VOID UNDERTAKING.—Where the statute requires that if judgment of imprisonment has been given, the undertaking on appeal must agree that the defendant will surrender himself in execution of the judgment upon its being affirmed or modified, or upon the appeal being dismissed, an undertaking which provides that in case the judgment be affirmed or modified, or the appeal be dismissed, the defendant will render himself to said justice in execution of the said judgment of thirty days' imprisonment, and to obey all order and process of said court in fulfillment of such judgment, is more onerous than the statute prescribes, and is void, and no action will lie thereupon.

APPEAL from a judgment of the Superior Court of Los Angeles County.   N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellants.

U. S. Webb, Attorney General, J. D. Fredericks, District Attorney, and Hartley Shaw, Chief Deputy District Attorney, for Respondent.

ALLEN, P, J.—Action upon an undertaking. Judgment for plaintiff, from which defendants appeal.

It appears from the record that Barrett was convicted of a misdemeanor by a magistrate and adjudged to pay a fine of $500 and be imprisoned for thirty days, and in default of payment of such fine that he be imprisoned at the rate of one dollar a day for each dollar of fine. From this judgment he appealed, and the undertaking sued on in this action was given, which undertakes and promises on the part of defendant that, in case said judgment be affirmed or modified, or the appeal be dismissed by said superior court, Barrett will pay the fine and render himself to said justice in execution of said judgment of thirty days' imprisonment and to obey all orders and processes of said justice's court in fulfillment of said judgment; or, in case the judgment be set aside and a new trial ordered by said superior court, that defendant will appear in said superior court and submit himself, etc. This undertaking was given pursuant to section 1273 of the Penal Code, which provides for admission to bail after conviction—

"First—If the appeal is from a judgment imposing a fine only, on the undertaking of bail that he will pay the same, or such part of it as the appellate court may direct, if the judgment is affirmed or modified, or the appeal is dismissed.

"Second—If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof."

Appellants' contention is that the undertaking is void as being more onerous than the statute requires in this: that under its terms the penal sum is payable even though the judgment be modified in respect of the fine or imprisonment. That portion of the bond which refers to the payment of the

fine may be disregarded. The fine, while fixed, was subject
to payment at defendant's election by imprisonment. The
second subdivision of section 1273 is the one to be considered
in determining the effect of the bond. (*People* v. *Cabannes,*
20 Cal. 526.) The undertaking was therefore given in the
sum fixed to insure the submission of defendant to the judg-
ment and orders of the superior court in execution of the
sentence of imprisonment. From ''the character of the act
to be performed and the impossibility of measuring the dam-
ages upon a default by any pecuniary standard, there can
be no difficulty in deciding that it was intended by the par-
ties, and is valid and may be enforced, as a simple undertak-
ing to pay the sum specified.'' (*People* v. *Love,* 19 Cal. 683.)
Treating the undertaking, then, as one given alone under sub-
division 2, we are led to inquire whether it is more onerous
than by such section provided. The undertaking promises
that in case the judgment be affirmed or modified, the de-
fendant will render himself to said justice's court in execu-
tion of said sentence of thirty days' imprisonment, while the
statute only requires the condition that he will surrender
himself in execution of the judgment upon its being affirmed
or modified; in other words, under the conditions of the bond
the liability attached unless the defendant rendered himself
in execution of the original sentence even though the appel-
late court may have so modified the sentence as to remit such
imprisonment. It is true that it appears from the record
that the judgment was affirmed in its entirety and defend-
ant did not render himself in execution; but notwithstand-
ing this, the sureties may question the validity of the bond.
It is insisted by respondent that, reading the statute into the
bond, it becomes apparent that the sureties were only ob-
ligated to an amount equal to that of the principal and the
bond was only to cover the principal's obligation as it was
fixed by the appellate court. This might be said were a
bond given conditioned to secure the payment of a fine, but
is it true where it is given in a penal sum where the defend-
ant is obligated to serve a sentence which may be entirely
remitted, and, if so remitted, the penal sum remain enforce-
able against the sureties under the letter of the bond? We
think that the conditions of the bond set out in the com-
plaint are much at variance with those contemplated by the
statute in bonds of this character, and that the undertaking

is, therefore, invalid, and the court erred in overruling the demurrer to the complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Shaw, J., and Taggart, J., concurred.