## PACIFIC INDEMNITY CO. v. UNITED STATES.[*]
### No. 6376.

Circuit Court of Appeals, Ninth Circuit.
June 8, 1931.

A. E. Cooley, Louis V. Crowley, and Edward D. Keil, all of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Lucas E. Kilkenny, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This is an appeal from a judgment for unpaid fines on a supersedeas bond in a criminal case, given by the convicted party, one Randolph, as principal, and appellant as surety, conditioned that, "if the said J. W. Randolph shall prosecute his appeal to effect, and if he fail to make his plea good, shall answer and pay all damages and costs

[*]Rehearing denied July 22, 1931.

and shall also personally be and appear * * * and shall surrender himself to the United States Marshal * * * then this obligation to be void." The principal surrendered himself to the marshal and is serving sentence, but did not pay the fine. Pursuant to statute and court rule, judgment was entered against appellant for the fine imposed.

Appellant contends that the statutory basis for the action is section 1273 of the Penal Code of California, and that by this statute the judgment cannot be sustained, citing People v. Barrett, 6 Cal. App. 578, 92 P. 647, and County of Merced v. Shaffer, 40 Cal. App. 163, 180 P. 342. The statute and cases clearly have no application. The instant case is governed by federal statute (28 USCA § 869), which provides: " * * * The appellant shall prosecute his * * * appeal to effect, and, if he fails to make his plea good, shall answer all damages and costs. * * * "

And by Rule 13 of this court: "Supersedeas bonds in the District Courts must be taken with good and sufficient security that the appellant shall prosecute his appeal to effect and answer all damages and costs if he fail to make his plea good. * * * "

And Rule 34 of the District Court: "Whenever, by the rules of this court or of either of the Appellate Courts or by any statute, security is required to be given, * * * and the form of such security is not prescribed by such rule or statute, the same may be given, at the election of the party giving the same, either by a bond with sureties in the form in use at common law, or by an undertaking given by sureties on behalf of such party."

The issue before the court is not whether the principal was required to supersede the judgment on the fine as a condition to be enlarged, but whether the undertaking is to pay the fine.

The case of Connley v. United States (C. C. A.) 41 F.(2d) 49, had to do with Rule 75 of the District Court of the United States for the Southern District of California, and the only question was whether or not the provisions made by the District Court with reference to bail were in excess of their requirements. The court held that defendant may be enlarged on bail without superseding the judgment so far as concerns the issuance of execution to collect the fine imposed, unless further bond is given for that purpose.

Allowance of appeal stays imprisonment in the penitentiary, but does not release a convicted person from custody. Connley v. United States, supra; Hanes v. United States (C. C. A.) 299 F. 296.

The bond recites: "Randolph desires said order allowing an appeal to operate as a supersedeas and stay of execution and to be admitted to bail and to be permitted to be and remain at large"—two conditions (1) to stay execution, and (2) to remain at large. The only purpose for which an execution can issue after allowing appeal is for collection of fine and costs. The surety, by decisions of the Supreme Court covering more than a century, was obligated to pay the fine on default of the principal. In Catlett v. Brodie, 22 U. S. (9 Wheat.) 553, 554, 6 L. Ed. 158 the court said: "The word 'damages' is here used, not as descriptive of the nature of the claim upon which the original judgment is founded, but as descriptive of the indemnity which the defendant is entitled to, if the judgment is affirmed. Whatever losses he may sustain by the judgment's not being satisfied and paid, after the affirmance, these are the damages which he has sustained, and for which the bond ought to give good and sufficient security."

And in Pease v. Rathbun-Jones Eng. Co., 243 U. S. 273, 280, 37 S. Ct. 283, 287, 61 L. Ed. 715, Ann. Cas. 1918C, 1147: "The supersedeas bond was in the common form, conditioned that the appellant shall 'prosecute its appeal to effect and answer all damages and costs, if it fails to make its plea good.' It has long been settled that a bond in that form binds the surety, upon affirmance of a judgment or decree for the mere payment of money, to pay the amount of the judgment or decree."

No different rule applies in criminal cases, as suggested by appellant. 18 USCA § 569, provides: "In all criminal or penal causes in which judgment * * * has been or shall be rendered, imposing the payment of a fine * * * the said judgment * * * may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced."

And in Pierce v. United States, 255 U. S. 398, 41 S. Ct. 365, 65 L. Ed. 697, the court held that a judgment for a fine imposed in a criminal case is enforceable, like a civil judgment, by execution.

The judgment is affirmed.