[Civ. No. 7118. Second Appellate District, Division One.—March 9, 1932.]

SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Appellant, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

Arthur T. Stollmack for Appellant.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly, Deputy City Prosecutor, for Respondents.

HOUSER, J.—On this appeal neither the city prosecutor of the city of Los Angeles nor any other attorney qualified to represent the respondents herein has seen fit to file a brief on behalf of the respondents.

The facts appear to be that following the conviction of a defendant in a criminal action in the municipal court judgment was rendered to the effect that she pay a fine of $500, or that she serve fifty days in jail. Thereupon an

appeal from said judgment was taken by said defendant, to the superior court. For the purpose of effecting the release of the defendant pending appeal from the judgment, the appellant herein executed its undertaking in attempted compliance with the provisions of sections 1273 and 1292 of the Penal Code. On the hearing of the appeal, the judgment of the municipal court was affirmed. Within three days thereafter the defendant surrendered herself into the custody of the municipal court for the purpose of satisfying the judgment against her by imprisonment, rather than by the payment of the fine imposed by the said judgment. As appears from an uncontradicted statement in the record herein, at that time the judge who presided in said court "stated that there were certain irregularities in the bail bond posted by the petitioner herein and that in his opinion said appeal bond was liable for the fine imposed upon the said criminal defendant, and thereupon stated that he would look to the surety on the bail bond aforesaid for the payment of the fine imposed upon the said criminal defendant, and declared that the said criminal defendant was free from the custody of the court and allowed her to depart therefrom". Eight days thereafter, in another department of the municipal court, for the then asserted reason that the defendant in the criminal action had not appeared "in satisfaction of the judgment rendered against her" (when in truth and in fact, as hereinbefore set forth, said defendant theretofore had appeared in said court for said purpose), the undertaking executed by the appellant herein was by said court declared forfeited. Within ninety days following the date of the order of forfeiture of said undertaking, the defendant in said criminal action again surrendered herself to the custody of said municipal court for the purpose of satisfying the judgment of imprisonment theretofore rendered against her; and at the same time the appellant herein presented its motion to said court that the said order of forfeiture of the undertaking theretofore entered in said matter be vacated and set aside;—which said motion was by said court denied, and the defendant was thereupon ordered committed to jail for fifty days in satisfaction of the said judgment. Thereupon, at the instance of the appellant, the superior court issued its alternative writ of mandate directed to said municipal court by which

the latter court was directed either to set aside and vacate its order by which the said undertaking of this appellant was declared forfeited, or, failing in that regard, on a specified date to show cause why it had not done so. To such alternative writ of mandate the municipal court demurred generally; which demurrer was by the superior court sustained, with leave granted to the petitioner therein to amend its petition within ten days from the date of the order by which said demurrer was sustained. The petitioner having failed to amend its said petition within the time so allowed by the court, judgment was regularly rendered and entered by which the alternative writ of mandate theretofore issued in said matter was discharged. It is from said judgment that the instant appeal is prosecuted.

■ The principal point presented by appellant is to the effect that its undertaking on appeal from the criminal judgment rendered by the municipal court was void for the reason that included therein was a provision which purportedly created a liability against the bondsman not prescribed nor provided by statute. Referring to such undertaking, it is noticed that in substance the conditions thereof are that if on the appeal to the superior court the judgment of the municipal court should be affirmed, the defendant would "surrender herself in execution of the judgment, . . . ; and we hereby further undertake with reference to that portion of said judgment imposing a fine, that said defendant will pay the fine imposed by said judgment, or such part of it as the appellate court may direct, if the judgment is affirmed or modified or the appeal is dismissed; or that, in case the judgment be reversed and the cause remanded for a new trial, that he will appear in the court to which the cause may be remanded and submit himself to the orders and process thereof; and that if he fails to perform either of these conditions, that we will pay to the People of the State of California the sum of Five Hundred dollars ($500.00), lawful money of the United States. If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said Seaboard Surety Corporation of America, . . . ''

That part of section 1273 of the Penal Code which is deemed applicable to undertakings of the character of that here under consideration is as follows:

"If the offense is bailable, the defendant may be admitted to bail . . . after conviction, and upon an appeal:

"First. If the appeal is from a judgment imposing a fine only, on the undertaking of bail that he will pay the same, or such part of it as the appellate court may direct, if the judgment is affirmed or modified, or the appeal is dismissed.

"Second. If judgment of imprisonment has been given, that he will surrender himself in execution of the judgment, upon its being affirmed or modified, or upon the appeal being dismissed, or that in case the judgment be reversed, and that the cause be remanded for a new trial, that he will appear in the court to which said cause may be remanded, and submit himself to the orders and process thereof."

With reference to the statutory condition of the undertaking, section 1292 of the Penal Code provides that "the undertaking must be conditioned as prescribed in section twelve hundred and seventy-three, for undertakings of bail on appeal".

As hereinbefore has been indicated, as to that part of the undertaking which relates to that portion of the judgment of imprisonment of the defendant, appellant takes no exception;—its criticism being directed solely to the so-called alternative of the judgment which has to do with the fine imposed upon the defendant and as to which it is urged that because the undertaking in that regard purports to obligate the appellant herein to the performance of an act or duty not specified by the statute, the undertaking is void. Specifically, the point presented is that with reference to the fine imposed on the defendant, by the undertaking the bondsman promises that if as a result of the appeal the judgment be reversed and the cause remanded for a new trial the defendant will appear in the court to which the cause may be remanded and submit herself to the orders and processes thereof;—whereas by the terms of the statute no such promise is to be exacted either from the defendant in the action or from his bondsman.

In the case of *People* v. *Cabannes*, 20 Cal. 525, "a judgment had been rendered (by a justice of the peace) imposing a fine, and in default of payment, imprisonment in the county jail". On appeal to the then county court from such judgment an undertaking which set forth conditions substantially as were required in an undertaking on appeal

in civil cases was filed. The judgment of the justice court having been affirmed, an action was brought on the bond, which action resulted in a judgment against the bondsmen. On appeal from the latter judgment it was held that, notwithstanding the existence of a statute similar to that now in force (hereinbefore set forth), the bond was unauthorized by statute, and consequently no action could be maintained on such instrument.

After stating the substance of the statute to which reference has been had, the Supreme Court said:

" . . . This section prescribes the terms to be complied with in giving bail, and it is obvious that the second subdivision is the one to be considered in determining the effect of the bond. The justice seems to have regarded the judgment as imposing a fine only, and the counsel for the People contends that this is the proper view to take of it. It is plain, however, that the imprisonment is as much a part of the judgment as the fine; and to be relieved from that, *an obligation to pay the fine was not necessary.* In taking the bond, *the justice has exacted a security which the statute does not require;* and such being the case we are of opinion that no liability resulted from its execution."

The question in the case of *People* v. *Barrett,* 6 Cal. App. 578 [92 Pac. 647], was whether an undertaking on an appeal from a judgment by which a fine was imposed on the defendant and his imprisonment for thirty days ordered was void because it contained conditions which were more burdensome than were required by the statute in such cases provided. Among other language, the opinion contains the following:

" . . . *That portion of the bond which refers to the payment of the fine may be disregarded.* The fine, while fixed, was subject to payment at defendant's election by imprisonment. *The second subdivision of section 1273 is the one to be considered in determining the effect of the bond.* (*People* v. *Cabannes,* 20 Cal. 526.) The undertaking was therefore given in the sum fixed to insure the submission of defendant to the judgment and orders of the superior court *in execution of the sentence of imprisonment.*"

Were it not for the authority of the decisions hereinbefore quoted, this court probably would be of the opinion that the provisions of the first subdivision, and not the second,

of section 1273 of the Penal Code govern the bond requirements when the judgment is only for the payment of a fine, with the alternative of imprisonment. For it has been held several times, and we believe correctly so held, that the alternative of imprisonment on nonpayment of the fine, "is not by way of punishment, but is merely the method of enforcing the satisfaction of the fine". (*In re Garrity*, 97 Cal. App. 372 [275 Pac. 480, 481], and authorities there cited.) On this theory, although the "alternative" is a part of the judgment, it is merely incidental to "a judgment *imposing* a fine only", in contrast with "a judgment of imprisonment".

But assuming the correctness of the declarations of law to which attention has been directed, it would seem to follow that the undertaking on appeal legally demandable of the defendant in the instant action did not require "an obligation to pay the fine", and that "in taking the bond (in regard to the fine) the justice has exacted a security which the statute does not require" (*People* v. *Cabannes*, 20 Cal. 525, 529), and consequently that the undertaking, at least in that particular, is void.

As hereinbefore stated, on affirmance of the judgment from which the appeal was taken and in connection with which the undertaking was given, the defendant was surrendered into court for the purpose of satisfying by imprisonment the alternative of the fine imposed by the trial court. The general rule is that upon surrender of the defendant his bail is exonerated. (*Babb* v. *Oakley & Donaldson*, 5 Cal. 93; *People* v. *McReynolds*, 102 Cal. 308 [36 Pac. 590].)

The judgment is reversed.

Conrey, P. J., and York, J., concurred.