EASTERN DIST.
June, 1836.

STATE
vs.
DUNBAR ET AL.

The Spanish law was abrogated in Louisiana, by the 25th section of the act of 1828.

10L 99
45 1395

## STATE vs. DUNBAR ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE OF THE EIGHTH PRESIDING.

The forfeiture of a recognizance or bail bond, for the non-appearance of the principal and his bail, on the day fixed in the bond, does not fix the parties to it, and is not absolute. It is in the nature of an *estreat* at common law, extracted from the records of the Criminal Court, to serve as foundation of proceedings against the accused and his bail or surety, to *amerce* them; but to the rule taken, and motion for judgment on the bail bond, the parties may plead other matters and be discharged.

Where the accused in a criminal prosecution, appeared with his bail, after the recognizance was forfeited, but before final judgment on the bail

bond, and a *nolle prosequi* entered as to the charge against the accused : *Held*, that both principal and surety were exonerated from the penalty in the bail bond.

When the accused appears, after forfeiture of his bail, but before judgment on the bond, it is the duty of the district attorney to either proceed with his trial, or pray the court to order him into custody.

This is a civil proceeding on the part of the state, on a bail bond against the defendant, A. Dunbar, as bail or surety for one John M'Knight, charged with criminal offences, to recover of him, to the use of the state, the penalty expressed therein, on the alleged ground, that the recognizance or bail 'bond was forfeited, for their non-appearance at court, on the day fixed in said recognizance.

At the May term, 1835, of the District Court, for the parish of West Feliciana, the district attorney filed a notice, with a copy of the bail bond and order of forfeiture annexed, that at the expiration of ten days, he should proceed against the defendant, on behalf of the state, for judgment on his bail bond, for a breach of its conditions, and to recover the sum of six hundred dollars, being the penalty expressed therein.

The defendant admitted his signature to the bond, but denied that he was liable for the penalty ; that if said bond was ever forfeited, the said John M'Knight, who was the accused and principal in said bond, afterwards appeared, and is now in court, to answer any charge the state may have against him.

The evidence showed, that the accused, John M'Knight, was admitted to bail, at May term, 1833, on an indictment for perjury and assault and battery, in the penalty of six hundred dollars, with the defendant as his surety, also in the penalty of six hundred dollars ; the bond conditioned, that said M'Knight should appear to stand his trial, on the first day of the succeeding term of said court.

At the next, or December term, 1833, the accused and his bail were called and appeared not, and the usual order of forfeiture entered up against them.

On the 2d of January, 1834, during the term of the court, the accused appeared at the bar in discharge of his several recognizances, and moved the court, by his counsel, that the forfeiture of his said recognizances be set aside. This motion was ordered to be entered for hearing.

At December term, 1834, the accused came into court and entered his appearance. He has appeared at every term since. At May term, 1835, the motion and proceedings were commenced against the defendant as surety in the bail bond.

The district judge was of opinion the district attorney made out his case, and rendered judgment accordingly. The defendant appealed.

*Bradford*, for the appellant, made the following points :

1. The bond is conditioned that John M'Knight appear on the first day of the next term after it was given, to answer, &c, and then and there continue and abide, pay and satisfy, &c. The next term commenced on the 2d of December, 1833, and John M'Knight was not called before the 6th. On that day the bond was forfeited *nisi.* The final forfeiture of the bond was never made. On the 2d of January, 1834, the same term of the court, John M'Knight appeared at the bar, in discharge of his several recognizances, and by counsel moved the court to set aside the forfeiture of his recognizances. The motion was entered for a hearing. No action was ever had upon that motion. M'Knight continued in court until the judgment against his bail, from which this appeal is taken.

2. The judgment must be reversed, because there are no reasons given by the court for the judgment, nor has the judge referred to any law on which he founded the said judgment.

*Mathews, J.*, delivered the opinion of the court.

In this case judgment was rendered in favor of the state, on motion of the district attorney, based on a recognizance or

<div style="margin">
EASTERN DIST.
June, 1836.

STATE
vs.
DUNBAR ET AL.

The forfeiture of a recognizance or bail bond, for the non-appearance of the principal and his bail, on the day fixed in the bond, does not fix the parties to it, and is not absolute. It
</div>

EASTERN DIST.
June, 1836.

STATE
*vs.*
DUNBAR ET AL.

is in the nature of an *estreat* at common law, extracted from the records of the Criminal Court, to serve as foundation of proceedings against the accused and his bail or surety, to amerce them; but to the rule taken, and motion for judgment on the bail bond, the parties may plead other matters and be discharged.

Where the accused in a criminal prosecution appeared with his bail, after the recognizance was forfeited, but before final judgment on the bail bond, and a *nolle prosequi* entered as to the charges against the accused: *Held*, that both principal and surety were exonerated from the penalty in the bail bond.

When the accused appears after forfeiture of his bail, but before judgment on the bond, it is the duty of the district attorney, to either proceed with his trial, or pray the court to order him into custody.

bail bond, in which M'Knight was principal and Dunbar security for the appearance of the former at a term specified, to answer to certain criminal charges found against him by indictment. From this judgment the defendant appealed.

It appears from the facts, as found in the record, that on the day fixed in the bond, the defendant did not appear, that he and his bail were regularly called and the bond was declared to be forfeited on the minutes of the court. Subsequently, and before the defendant was put on his trial, he appeared in court, for the double purpose of releasing his bail from his obligations as surety and to stand his trial. A *nolle prosequi* was afterwards entered by the district attorney, in relation to the criminal charges against the defendant. All these proceedings took place before any judgment was rendered on the motion against him and his surety. The forfeiture alleged was not absolute, but similar to what is known in the common law under the term *estreat*, which signifies extracted from the records of the Criminal Court, to serve as a foundation against the accused and his surety, for a *scire facias*, to which they were allowed to plead other matters, calculated to exonerate them from their obligations. The rule with notice to show cause, authorized by our laws, against the accused and his bail, stands in the place of the *scire facias* of the common law, to which may be pleaded all things which tend to exonerate the parties called on to show cause; and if legally established by evidence, they must be discharged from their obligations.

We are of opinion, that the appearance of the defendant, for the purposes as above stated, was sufficient to annul the bail bond or recognizance, and release the parties to it. When he thus appeared, it was the duty of the prosecuting attorney, either to proceed immediately to his trial, or if this could not be done, pray the court to order him into custody. The present case is more favorable to the pretensions of the defendants, than that of the State *vs.* Hay et al., decided at Baton Rouge term of the court, held in 1834. See 7 *Louisiana Reports*, 78.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be avoided, reversed and annulled, and that judgment be here entered for the defendants, &c.