## THE PEOPLE v. HUNTER AND DAVIS.

Where the defendants were sureties in a recognizance for the appearance of one H., who was charged with the crime of receiving two mules, alleged to have been stolen, and in a suit on such recognizance against the sureties, the Court found that an indictment was found by the grand jury, at a subsequent term to the date of the recognizance, "entitled an indictment against H. for receiving stolen goods:" *Held*, that it does not follow, from this general description of the indictment, that it was for the same crime mentioned in the recognizance.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

De Barry *v.* Lambert.

The facts appear in the opinion of the Court.   Defendants had judgment in the Court below, and the People appealed.

*W. H. Brumfield* for Appellant.

*Sanderson and Newell* for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., ·and FIELD, J., concurring. .

This was a proceeding on the part of the People for the recovery of the amount of a recognizance.   It appears, by the record, that the respondents were the sureties of one Howard, who was arrested and bound over by a justice of the peace to answer the charge of receiving two mules, averred to be stolen property. The complaint was answered by a general denial, and the case tried by the Court.   The Court finds that an indictment was found by the grand jury, at a subsequent term to the date of the recognizance, " entitled  an indictment against Geo. B. Howard for receiving stolen goods."

Nothing is said in this finding to show that this indictment was found for the offence in the recognizance.   Certainly it does not follow, from this general description of the indictment, that it was for the same crime mentioned in the recognizance.  If the Court had found that the property was the same in description —even *as* two mules—it might have  been  sufficient, but as the finding stands, we can  not intend it was the same, against the conclusion of the Judge who tried the cause.

For these reasons, we are compelled to affirm  the judgment. But as the  record  fails to show any  judgment on the merits, if the indictment were actually for the same offence for answering which, by their principal, the sureties stipulated, the plaintiff can proceed again upon proper proof.