The opinion of the court was delivered by
Parlance, J.
This is an appeal from the judgment of the Civil District Court for the parish of Orleans dismissing, on the ground of want of jurisdiction ratione materise, a suit brought by the Louisiana Society for the. Prevention of Cruelty to Children against the surety on a bail bond for $500 furnished by a person charged with crime, to insure his appearance for preliminary examination in the Second Recorder’s Court for the parish of Orleans. The accused failed to appear as he had bound himself to do and the aforenamed society brought suit on the bond in said Civil District Court, alleging the right so to do under Act 32 of 1892. As to this right we are not called upon to express an opinion. The defendant excepted in the Civil District Court that the matter of the suit is criminal and not civil and that therefore the Civil District Court had no jurisdiction. The exception was sustained.
In England, recognizances and bail bonds were estreated from the criminal courts and removed into the exchequer. That the king might also maintain an action of debt seems to be plain.
The right of committing magistrates is clear in proper cases, and under proper circumstances, to admit to bail pending preliminary examination persons, charged with crime. It is difficult to conceive of a reason why the State can not sue for the amount of a bond given in such cases when the condition of the same has been violated.
The act of April 2, 1832, allowed District Courts to take certain proceedings with regard to bail bonds and recognizances, which this court held did not decree an absolute forfeiture, but operated similarly “ to what is known in the common law under the term estreat, which signifies extracted from the recotds of the criminal court to serve as a foundation against the accused and his surety for a scire facias.” 10 La. 102.
The act of March 11, ÍSSÍ, re-enacted in 1855, and now See. 1032, R. S., allows District Courts having criminal jurisdiction to forthwith *1396 enter up judgment on a bail bond or recognizance when the principal,, on call made, fails to appear.
In a number of eases this court has held that when a judgment is-entered up on a bail bond under Sec. 1032, R. S., an appeal from that judgment may be taken to this court regardless of the amount of the bond, if the same was given in a criminal prosecution within the jurisdictional powers of this court, because the matter of the-bond is attracted to the criminal prosecution. This doctrine is clear- and has been settled by repeated adjudications.
But the doctrine does not and can not apply to a bail bond taken-by a recorder of the parish of Orleans for che appearance before himself of a person charged with crime, for the manifest reason that there is no legislation, as in the case of Districts Courts with criminal jurisdiction, conferring upon a recorder the power to enter up judgment on a bail bond. Therefore the law as to bail bonds taken by-recorders for appearances before them is exactly what it was as to-all the courts possessed of criminal jurisdiction, prior to the legislation which empowered District Courts having criminal jurisdiction,, to deal with bail bonds returnable before them. It surely can not be contended that prior to such legislation the State was powerless to collect the amounts of bail bonds returnable before committing magistrates, when the conditions of the bonds were violated. If the State could then do so, did the conferring by the subsequent legislation of power to District Courts having criminal jurisdiction, to deal-with the bail bonds returnable before them, destroy or impair the right of the State to enforce bail bonds taken by the criminal courts inferior to the District Courts? Clearly not.
In the case of State vs. Ozer, 5 An. 744, cited 42 An. 1094, this court held through Mr. Justice Preston as its organ, that a justice of the peace had the power to admit to bail during the pendency of a preliminary examination and that an ordinary suit on bail bond could, be maintained. The defendant in that case urged that the justice.of the peace had no power to proceed upon the bond in the summary manner provided by the acts of 1835 and 1837, and this court said:
“ In this they are certainly right, and it was that which rendered the present suit before the District Court necessary to enforce the penalty of 'the bond. But it is further intimated that the summary mode of proceeding prescribed by those acts should have been pursued in thip case in the District Court. In this they err, because *1397 those laws expressly limit that remedy to bonds, recognizances and other obligations made returnable before the District' Court, which was not the case with the bond sued upon. It was returnable before the justice himself, and we know of no remedy for the State to enforce its penalty but that which has been pursued by the district attorney by bringing an ordinary suit before a court of general jurisdiction.”
In the case of Cassidy, 7 An. 276, which was a suit on a bail bond for appearance in a criminal case before the First District Court of New Orleans, it was urged “that the obligation of the surety was a civil one only and must be enforced according to the rules prescribed for civil actions.”
This court said, also through Mr. Justice Preston: “The forfeiture of the bond by judgment has always been considered as a criminal proceeding, and whether criminal or civil, was obtained in this case in the mode pointed out by the act of 11th 'of March, 1837, passed expressly for that purpose.” (Italics are ours.)
These two cases just cited, rendered by the same organ, far from being in conflict with one another, show the distinction between bail bonds forfeited under the act of 1837 (Sec. 1032, R. S.), which are attracted to the criminal prosecutions in which they are forfeited, and bail bonds which are not within the purview of the act of 1837.
As showing the intrinsic civil nature- of a bail bond, we may cite the case of Norment et al., 12 La. 511, in which this court held that notwithstanding the summary proceeding concerning bail bonds, provided by the act of 1835, the district attorney might bring an ordinary action.
In Commonwealth vs. Green, 12 Mass. 1, it was held that the commonwealth might maintain an action of debt, though scire facias was provided by statute. In State vs. Hendricks, 40 An. 722, this court, speaking of the forfeiture of a bail bond, said: “Intrinsically, the proceeding may be viewed as civil in character. It is based on a contract under private signature, on which a money judgment can be rendered which may be executed on the issuance of a fifa. It is not a proceeding for the recovery of a fine inflicted for the commission of an offence.” This court added: “In so saying we do not lose sight of the fact that it has been treated as a criminal proceeding in order to determine questions of jurisdiction in cases of appeals from judgments of forfeiture of bail bonds.” This refers, of course, *1398 to bail bonds forfeited under Sec. 1032, R. S., which, as already shown, come to us on appeal by virtue of the appealable character of the criminal prosecution to which they are attracted under that statute. But the bond in the instant case is not of that character, and is not within the purview of that statute.
Other decisions of this court as to the civil nature of a bail bond might be cited.
We are clear that this suit is a civil one, which the Civil District Court had jurisdiction to hear and determine. But for that very reason it is evident that this court has no jurisdiction of the appeal, which involves only $500.
It is therefore ordered that the appeal herein be and the same is hereby dismissed at appellant’s costs.
Rehearing refused.