[Civ. No. 1906.   Third Appellate District.—March 4, 1919.]

## COUNTY OF MERCED, Appellant, v. H. S. SHAFFER et al., Respondents.

[1] CRIMINAL LAW—BAIL BOND—ACTION TO REFORM AND ENFORCE.— PLEADING—INSUFFICIENT OBLIGATION.—Sureties on a bail bond must bind themselves that they will do certain things or upon default that they will pay the state a specified sum; it is insufficient where they agree that their principals will pay.

[2] ID.—JOINT BOND—EXCESSIVE PENALTY.—Where an order of court provided that two defendants in a criminal case be admitted to bail in the sum of five hundred dollars each, a bond purporting to be given on behalf of both defendants and providing that if the conditions are not performed the obligors will pay the people of the state the sum of one thousand dollars is insufficient, as it requires payment of one thousand dollars if either or both defendants fail to appear, whereas the order required a penalty of only five hundred dollars for each.

[3] ID.—STATUTORY BOND—COMMON-LAW OBLIGATION.—A bond in a criminal proceeding is purely statutory; if it fails to conform to the statute and order of the court, it is not good as a common-law obligation.

[4] ID.—WHEN BOND VOID.—A bail bond in excess of the order of the court is absolutely void.

[5] ID.—REFORMING VOID BOND.—A bail bond void upon its face cannot be reformed, and the court below properly sustained a demurrer to the complaint.

APPEAL from a judgment of the Superior Court of Merced County.   George E. Church, Judge Presiding.   Affirmed.

C. H. McCray and Edward Bickmore for Appellant.

Hugh K. Landram, F. W. Henderson and C. W. Croop for Respondents.

BURNETT, J.—In the month of February, 1916, O. Dinelli and Francis Francisco were arrested upon a burglary charge

in Merced County. They were committed by the justice of the peace to the custody of the sheriff and their bail fixed at five hundred dollars each. After setting out these facts, the third amended complaint alleges further: "Said H. S. Shaffer and said J. J. Griffin and each of them for the purpose of releasing the said O. Dinelli and the said Francis Francisco from actual custody upon said charge, and in order that said O. Dinelli and the said Francis Francisco might be released therefrom, entered into and executed an obligation, bond, and undertaking"; that said bond was presented to the justice of the peace, who accepted and filed the same; "that a copy of said obligation, bond, and undertaking as the same was written when made, executed, and delivered to the people of the state of California by the said H. S. Shaffer and the said J. J. Griffin, as aforesaid, is hereunto attached and made a part hereof and marked Plaintiff's Exhibit 'A' "; "that after the said O. Dinelli and said Francis Francisco were taken into custody as aforesaid one L. J. Schino, an attorney of Merced, California, was employed by said defendants to represent them in the matter of said charge; that said justice of the peace did inform said L. J. Schino, as attorney for said O. Dinelli and Francis Francisco, of the order of admission of the said defendants to bail and the amount thereof, to wit, the sum of five hundred dollars for each defendant, and that said L. J. Schino did procure the execution of said obligation, bond, and undertaking of said H. S. Shaffer and J. J. Griffin and presented the said obligation, bond, and undertaking to said justice of the peace for his approval."

It is then alleged that through a mutual mistake of the parties executing, presenting, and accepting the bond, the obligation presented and accepted did not express the true intention of the parties, and that such intention was embodied in an instrument attached to the complaint, marked exhibit "B."

It further appears that upon the acceptance of said undertaking the defendants were released, and that thereafter they failed to appear for examination in accordance with the order of the court, and thereupon said undertaking was forfeited. The prayer of the complaint is that the undertaking executed by the defendants in this action be reformed, and as reformed the forfeiture of the same be enforced, and the plaintiff have judgment against defendants in the amount of the undertaking.

The bond as actually signed, executed, delivered, and accepted was in the following form:

## Exhibit "A."

"In the Justice's Court of Number Two Township, County of Merced, State of California.

"The People of the State of California,
                        "Plaintiff,

                v.

"O. Dinelli and Francis Francisco,
                        "Defendants.

"Bail Bond.

"Whereas, an order having been made on the 24th day of February, A. D. 1916, by Frank H. Farrar, Esq., Justice of the Peace of No. 2 Township, County of Merced, State of California, in the above entitled cause, and the above named defendants, and each of them, be admitted to bail, pending the hearing upon the charge hereinafter mentioned, in the sum of One Thousand Dollars ($1,000.00), that is to say, that each of said defendants be admitted to bail in the sum of Five Hundred Dollars ($500.00) each, upon a charge of felony, to wit, burglary, alleged to have been committed in said county and state.

"Now, therefore, we, the undersigned, by occupation merchants, residents of the County of Merced, State of California, do hereby undertake, that the above named defendants, and each of them, shall and will appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times hold himself amenable to the orders and process of the court, or courts, wherein said charge is being or is to be prosecuted, and if convicted, shall and will appear for judgment and render himself in execution thereof; or if he, or they, fail to perform any of these conditions, that he, or they, will pay to the People of the State of California, the sum of One Thousand Dollars ($1,000.00).

"——————————. (Seal).
                    "H. S. SHAFFER.   (Seal)
                    "J. J. GRIFFIN.   (Seal)

"Approved this 25th day of Feb. 1916.

                    "FRANK H. FARRAR,
                    "Justice of the Peace."

Exhibit "B" is as follows:

## "Bail Bond.

"In the Justice's Court of Number Two Township, County of Merced, State of California.

"The People of the State of California,
                                    "Plaintiff,

                        **v.**

"O. Dinelli and Francis Francisco,
                                    "Defendants.

"Whereas, an order having been made on the 24th day of February, A. D. 1916, by Frank H. Farrar, Esq., Justice of the Peace of No. 2 Township, County of Merced, State of California, in the above entitled cause, and the above named defendants, and each of them be admitted to bail, pending the hearing of the charge hereinafter mentioned, in the sum of one thousand dollars ($1,000.00), that is to say, that each of said defendants be admitted to bail in the sum of five hundred dollars ($500.00), each, upon a charge of felony, to wit, burglary, alleged to have been committed in said county and state.

"Now therefore, we, the undersigned, by occupation attorneys, residents of the county of Merced, State of California, do hereby undertake that the above named defendants, and each of them, shall and will appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times hold himself amenable to the orders and process of the court, or courts, wherein said charge is being or is to be prosecuted, and if convicted, shall and will appear for judgment and render himself in execution thereof; or if he or they fail to perform any of these conditions, that we, will pay to the People of the State of California, the sum of Five Hundred Dollars ($500.00) for each of said defendants failing to perform any of these conditions.

"————————. (Seal)
"H. S. Shaffer.   (Seal)
"J. J. Griffin.    (Seal)
"Approved this 25th day of Feb., 1916.
"Frank H. Farrar,
"Justice of the Peace."

[1]   It is apparent that there are two vital defects in the bond as executed.   One of these is the same as appeared in the bond in the case of *County of San Luis Obispo* v. *Ryal et al.,* 175 Cal. 34, [165 Pac. 1].

Therein it was held that "the law requires and the form of bond on appeal in a criminal case set out in the code provides that the sureties shall bind themselves in the event of the appealing defendant failing to do certain things they will pay to the state of California a specified penal sum; and such a bond is insufficient where the sureties merely agree that their principal upon default in its terms will pay a specified sum, instead of agreeing themselves to do so."

[2]   This is one of the portions of the bond that plaintiff seeks to have reformed.   The other defect is equally objectionable and arises from the fact that the order of the court provided that the defendants be admitted to bail in the sum of five hundred dollars each, whereas, the bond, as given, purports to be on behalf of both defendants and provides that if the conditions were not performed, "that he or they will pay to the people of the state of California the sum of one thousand dollars."   They were thus obligated to pay said sum if either or both of said defendants failed to appear, whereas, the order required a penalty of only five hundred dollars for each.

[3]   It is not disputed that the bond in a criminal proceeding is purely statutory and must conform to the statute and the order of the court.   If it fails to do so, it is not good even as a common-law obligation.   (*San Francisco* v. *Hartnett,* 1 Cal. App. 652, [82 Pac. 1064]; *Malheur County* v. *Carter,* 52 Or. 616, [98 Pac. 489]; *Boozer* v. *City of Atlanta,* 18 Ga. App. 732, [90 S. E. 492].)

[4]   Neither is it disputed that a bond in a sum greater than the order of the court is absolutely void.   (*Roberts* v. *State,* 34 Kan. 151, [8 Pac. 246].)

*United States* v. *Goldstein's Sureties,* 1 Dill. 413, [Fed. Cas. No. 15,226], is a leading case in which a person was arraigned before a United States commissioner upon two separate charges.   The commissioner ordered him to bail in the sum of five hundred dollars on one charge and two hundred dollars on the other.   One bond for seven hundred dollars was taken.   Defendant failed to appear and the bond was forfeited.   The court said: "Bonds or recognizances of this character are binding only when taken in pursuance of law and

the order of a competent court or officer. No order was made authorizing a single bond for seven hundred dollars and the bond taken was a substantial departure from the bonds required by the commissioner and was not therefore obligatory on the sureties. (*State* v. *Buffam,* 2 Fost. (22 N. H.) 267.) Judgment accordingly."

In the Roberts case the supreme court of Kansas held that, "where the district court directs bail to be taken in the penalty of one thousand two hundred dollars, and the sheriff requires and accepts from the principal and his sureties a bond in the sum of $1,250, the bond is utterly void, as the sheriff is only authorized to require bail in such an amount as is directed by the court."

The bond executed by the defendants herein was, therefore, not only not binding upon them because they did not agree to pay anything themselves, but it was absolutely void because it was in an amount in excess of the order of the court.

[5] Plaintiff, however, claims that the court has authority to make a new undertaking for the sureties, not in accordance with the obligation that they actually signed, but in accordance with the intention which they had at the time but failed to express. This seems a rather startling proposition, but it is claimed by appellant that respectable authority exists for the contention.

We think, however, that no authority can be found for the proposition that an undertaking, which is void upon its face, can be amended by changing the express obligation of the sureties to something different but what they intended and make it binding upon them after said purported undertaking has been declared forfeited.

In 34 Cyc. 926 we find the statement: "Where an instrument is immoral in its tendency, or for some fundamental reason is void, reformation would amount to the making of a new contract, and is therefore never granted."

In *Wallen* v. *State,* 18 Tex. App. 414, it was held that a bail bond is strictly a statutory bond, and to entitle the state to a forfeiture thereon, the bond must contain all the requisites prescribed by statute. It is true that no effort was made therein to reform the bond, but the court, after quoting from Pomeroy his statement of "all the possible modes in which the remedial jurisdiction occasioned by mistake can be exercised," declares:

"But we are clearly of the opinion that these rules have no application to statutory bail bonds."

However, appellant relies upon the case of *Neininger* v. *State,* 50 Ohio St. 394, [40 Am. St. Rep. 674, 34 N. E. 633], for the contrary doctrine.   Therein it was, indeed, stated that "a written instrument executed by a surety, which by mistake fails to express the actual agreement and intention of the parties, may be reformed upon parol proof, like other written instruments and then enforced against the surety."

But it is quite apparent that the Neininger case differs from this in two important particulars.   In the first place, it was not a void instrument, but simply defective in reciting the name of the prosecuting witness.   In other words, a clerical mistake was made that did not affect the obligation of the sureties.   No new contract was made for them, but the contract which they actually executed was more clearly identified. Again the sureties in that case entered into a *recognizance,* that is, they appeared before the justice of the peace and acknowledged their obligation to pay the state the sum of three hundred dollars in case the accused failed to appear at the next term of court.   This recognizance constituted their obligation, and the mistake was made in entering it in the docket of the justice.   If the sureties herein had actually executed the contract as set out in the exhibit "B," but in copying it, it was made to appear as exhibit "A," the mistake, of course, could have been corrected, but plaintiff is trying to have substituted for the instrument, which was executed and upon which the defendants were released, an entirely different instrument, which never has been executed and which could not be made effective now because there would be no consideration to support it.

It must be remembered that the statute (section 1278 of the Penal Code), provides the form of the undertaking and requires that it shall be executed and acknowledged by the sureties and that they must justify before the magistrate. Thereupon the defendant may be discharged from custody. Admittedly, no such undertaking was *executed* in this case. The attempt was entirely abortive, but because the parties intended to comply with the law, appellant claims virtually that the intention should take the place of the deed.   The law requires a written promise, and that before the defendant is released, not merely an intention to make a promise

which may be made a matter of record *after* the defendant has been released. A careful consideration of the different modes of equitable relief on the ground of mistake as recited by Pomeroy can leave but little doubt that none of them applies to a case like this.

We think the court below was entirely right in sustaining the demurrer to the complaint, and the judgment is, therefore, affirmed.

Buck, P. J., *pro tem.*, and Hart, J., concurred.