[Civ. No. 6631.   First Appellate District, Division Two.—August 5, 1929.]

THE PEOPLE, Respondent, v. FRANK PAGE et al., Defendants; NATIONAL SURETY COMPANY (a Corporation), Appellant.

Joseph L. Taaffe and John J. Taaffe for Appellant.

Matthew Brady, District Attorney, and M. L. Choynski and August L. Fourtner, Deputies District Attorney, for Respondent.

STURTEVANT, J.—On a complaint charging that the defendant had committed a felony, the police court made an order holding him to answer before the Superior Court. An order was made admitting him to bail "in the sum of one thousand dollars by bond or by the deposit of five hundred dollars in coin." On May 5, 1927, the defendant furnished a bond executed by the National Surety Company in words and figures as follows: "An order holding to answer having been filed in the Superior Court of the State of California, in and for the City and County of San Francisco, on the 6th day of May, A. D. 1927, by the judge of the Police Court of said City and County, charging Frank Page with the crime of felony, to-wit, violation of Sec. 112 State Vehicle Act and he the said Frank Page having been duly admitted to bail in the sum of one thousand dollars ($1000), we National Surety Company, a New York corporation, having its principal place of business at New York, New York, authorized under the provisions of Act of Congress approved August 13, 1894, as amended by the Act of Congress, approved March 23, 1910, to become sole surety upon recognizances, stipulations, bonds or undertakings, and licensed by the State of California, and by occupation a surety corporation, hereby undertake that the above named Frank Page will appear and answer the charge above mentioned in whatever court it may be prosecuted and will at all times render himself amenable to the orders and process of the court, and if convicted will appear for judgment and render himself in execution thereof; or if he fails to perform either of these conditions that we will pay to the People of the State of California the sum of one thousand dollars ($1000)." An information was filed and the defendant was arraigned and pleaded not guilty. His case was set for trial on October 22, 1927. On that date the case was called, but the defendant did not appear. On that date the trial court directed the said fact to be entered in its minutes, declared defendant's bail forfeited, and directed that a bench warrant should issue for the arrest of the defendant. Thereafter the forfeiture was not discharged, but the district attorney did not proceed by action against the bail upon its undertaking. Nevertheless, on June 18, 1928, the trial court

(when no action except the criminal case was pending before it) entered a judgment against National Surety Company, the bondsman, for the sum of $1,000. From that judgment the National Surety Company has appealed and has brought up a bill of exceptions.

The appellant claims that the trial court erred in entering a judgment against it without allowing it to have its day in court. The respondent replies that the judgment was not entered until more than ninety days elapsed after the date the forfeiture was ordered and that the appellant could have appeared and could have made any motion it was entitled to make before the judgment was entered and the respondent cites Penal Code, section 1305, as amended April 29, 1927 [Stats. 1927, p. 1386], and *People* v. *Hodges,* 205 Cal. 476 [271 Pac. 897]. The amendment to section 1305 of the Penal Code, had not taken effect when the appellant delivered its bond. The Hodges case speaks of a set of facts which occurred after the amendments to the Penal Code took effect. Neither authority is in point.

April 29, 1927, amendments to sections 1287, 1305 and 1306 of the Penal Code were passed. (Stats. 1927, chaps. 734, 735 and 739.) All of the amendments took effect on July 29, 1927. The undertaking in suit was executed May 6, 1927. The amendment to section 1287 incorporated by express reference sections 1305 and 1306, and it provided that the undertaking should contain a new sentence which, in effect, is a stipulation for a consent judgment. (*People* v. *Hodges, supra.*) The amendment last mentioned is clearly an amendment as to substantive rights and is not concerned merely with procedure and there is nothing showing that it was intended to be applicable to contracts theretofore made. (*Montecito Co. Water Dist.* v. *Doulton,* 193 Cal. 398, 403 [224 Pac. 747].)

It is settled law that all laws applicable, in existence when a contract is made, form a part of it. (*Marshall* v. *Wentz,* 28 Cal. App. 540, 542 [153 Pac. 244]; 13 C. J. 560, sec. 523.) Hence the code sections as they stood May 6, 1927 (the day the undertaking was executed), entered into and formed a part of the bond delivered by the appellant.

The law in effect at the time appellant delivered its bond provided that an action should be commenced

against the bail before a judgment could be entered on the bond. (Pen. Code, sec. 1305.) The corollaries flowing from that proposition are that the appellant should have been served with summons and complaint, that it should have had an opportunity to appear and answer, and should have had a trial. To enter a judgment against the sureties before they had had their day in court was error. (*Robinson* v. *Gordon*, 85 Ga. 559 [11 S. E. 844]; *Pinckard* v. *People*, 1 Scam. (Ill.) 187; *Johnstons* v. *State*, 3 Ark. 524; *Wright* v. *State*, 51 Ga. 524; *State* v. *Robb*, 16 Ind. 413; *State* v. *Dunbar*, 10 La. 99; *Wash* v. *State*, 43 Tenn. 91; *Waughhop* v. *State*, 6 Tex. 337.) It is settled law that the sureties in such an action may interpose certain defenses, some of which are stated in the following authorities: 6 C. J. 1059; *People* v. *Hunter*, 10 Cal. 502; *People* v. *Love*, 19 Cal. 676; *People* v. *Cabannes*, 20 Cal. 525; *People* v. *Ebner*, 23 Cal. 158; *Mendocino Co.* v. *Lamar*, 30 Cal. 627; *People* v. *Budd*, 57 Cal. 349; *San Luis Obispo* v. *Ryal*, 175 Cal. 34 [165 Pac. 1]; *San Francisco* v. *Hartnett*, 1 Cal. App. 652 [82 Pac. 1064]; *County of Merced* v. *Shaffer*, 40 Cal. App. 163 [180 Pac. 342]. It is not necessary nor appropriate for us to surmise what defense or defenses the appellant may interpose, but from the record before us it is patent that we are unable to say that the appellant has no defense.

The judgment is reversed.

Nourse, J., and Koford, P. J., concurred.