[Civ. No. 6657. Second Appellate District, Division Two.—April 17, 1931.]

THE PEOPLE et al., Respondents, v. NEW YORK INDEMNITY COMPANY (a Corporation), Appellant.

John B. Haas and John D. Home for Appellant.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondents.

ARCHBALD, J., *pro tem.*—Steven Morgan was arrested in the city of Los Angeles on a misdemeanor charge. On September 10, 1926, bail was fixed in the sum of $1700 (by whom does not appear from the record before us), and on the same day the defendant corporation executed and delivered to the clerk of the municipal court a bond in the required sum, whereupon Morgan was released from custody. The transcript of the docket in the case shows that after a number of continuances of the matter the bond was ordered forfeited on February 17, 1927, and on March 9, 1927, a certified copy of such order was sent to the city prosecutor, who filed a complaint thereon in the superior court on September 27, 1927. The case was tried January 11, 1929. Plaintiff introduced in evidence a certified copy of the bond and a certified transcript of the record of the case of *People* v. *Morgan* in which the bond was filed, and then rested. Defendant moved for a nonsuit, which was denied, and then rested. From a judgment in favor of plaintiff for the amount of the bond defendant has appealed.

Two contentions are made by appellant, being the same as those urged at the trial on the objection to the introduction of evidence by plaintiff: (1) that the repeal in 1927 of section 1306 of the Penal Code without a saving clause destroyed plaintiff's right to maintain the action, and (2) that the clerk of the municipal court had no authority to fix the amount of the bond.

Appellant does not question the form of the bond or the proceedings to enforce it, otherwise than as such

method of procedure may have been changed by the repeal referred to. Sections 1287, 1305 and 1306 of the Penal Code were amended in 1927 (Stats. 1927, pp. 1385, 1386 and 1388), the amendments becoming effective July 29, 1927, which was some time after the bond was declared forfeited but before the complaint based upon it was filed. In view of appellant's contentions we will treat the bond as substantially complying with section 1287 of the Penal Code as it existed at the time the bond was executed. Said section provided that the bond should be substantially in the form therein set forth, and the amendment in question added to such form the following: "If the forfeiture of this bond be ordered by the court, judgment may be summarily made and entered forthwith against the said (naming the sureties and the defendant, if he be a party to the bond) for the amount of their respective undertakings herein, as provided by sections 1305 and 1306 of the Penal Code." Section 1305 is the same as before the amendment, except that in addition to the defendant and bail appearing within ninety days after the forfeiture and satisfactorily excusing defendant's neglect, they must also "show to the satisfaction of the court that the absence of the defendant was not with the connivance of the bail". Section 1306 is so radically changed that nothing remains of the former enactment, the section as amended providing for the entry of a summary judgment against each bondsman named, in place of the action against the bail on their undertaking as theretofore provided. It is to be observed that the amendment adds to the form of the bond provided by section 1278 of the Penal Code an express consent to the entry of such summary judgment by the bondsman and also by "the defendant, if he be a party to the bond". Necessarily the bond would have to be signed by the surety, thereby making such consent effective. Here we have a very important change in the form of the bond, making effective by consent the summary judgment provided for in the amendment to section 1306. The added language shows that it was not intended by the legislature thereafter to apply to bonds executed before the amendment of section 1278 and not containing such consent. It reads: "If the forfeiture of *this* bond be ordered by this court," etc. The amendment of section 1306, providing for a summary judgment in ac-

cordance with such expressed consent, shows that it was the intention of the law-making body to provide a new scheme for reducing to judgment the obligation of a bondsman executing the new form of bond in case of a declaration of forfeiture, and it hardly needs the citation of authority to show that the legislature could not have deprived a bondsman of his day in court, which was necessary under the bonds executed prior to the amendment, even if they had made the summary method expressly applicable to bonds executed under section 1278 prior to the amendment. No saving clause was needed under the amendments as made.

However, in the case of *People* v. *Page*, 100 Cal. App. 252 [279 Pac. 1059], the trial court used the summary method provided by the amendment of 1927 in the case of a bond executed under section 1287 before it was amended. The court reversed the summary judgment so entered, saying: "It is the settled law that all laws applicable, in existence when a contract is made, form a part of it. (*Marshall* v. *Wentz*, 28 Cal. App. 540, 542 [153 Pac. 244]; 13 C. J. 560, sec. 523.) Hence the code sections as they stood May 6, 1927 (the day the undertaking. was executed), entered into and formed a part of the bond delivered by the appellant. The law in effect at the time appellant delivered its bond provided that an action should be commenced against the bail before judgment could be entered on the bond. (Pen. Code, sec. 1305.) The corollaries flowing from that proposition are that the appellant should have been served with summons and complaint, that it should have had an opportunity to appear and answer, and should have had a trial. To enter a judgment against the sureties before they had had their day in court was error."

Appellant urges that the clerk had no authority to fix the amount of the bond. The transcript on appeal sets out the complaint, answer, findings of fact, judgment, bill of exceptions and notice of appeal, but nowhere do we find any issue before the trial court on the question mentioned and the record is silent as to who fixed the amount of the undertaking. The bill of exceptions shows that appellant objected to the introduction of any evidence on the ground already discussed, and on the further ground "that the bail bond upon its face showed that it had been fixed by the clerk of the Municipal Court through a deputy and not by

a judge of the Municipal Court". Turning to the recitals of the bond we find that it reads: "An order having been made on the 10 day of Sep. 1926, by W. S. Dinsmore, by W. D. Parsons, deputy, a Clerk of the Municipal Court of Los Angeles, State of California, that Steven Morgan be held upon a charge of violation of Wright Act, a misdemeanor, *upon which he has been admitted to bail* in the sum of Seventeen Hundred ($1700.00) Dollars, in an action now pending against him in behalf of the people of the State of California", etc. The only reference to "bail" in the bond that we find is the language italicized, which does not say that the clerk fixed the bond, but merely that the accused "has been admitted to bail" in the sum mentioned. What the recital means by saying that the clerk made an order that Morgan "be held" upon the charge named we do not know, but we cannot assume that that official made an order holding the accused to answer, as it would appear from the transcript filed that the latter had just been arrested. Nor are we to presume, the record being silent upon the subject, that the bail was fixed in any other than the usual course, viz., by one of the judges of the court, the record not showing their absence. (*Bodine* v. *Commonwealth,* 24 Pa. St. 69, 71.) The same presumption was undoubtedly considered by the trial judge in denying the objection made to the introduction of evidence and in giving judgment for plaintiff, in the absence of any evidence as to who fixed the bail. "If the record brought to this court does not disclose the error relied upon, there is nothing for this court to examine." (*Todd* v. *Winants,* 36 Cal. 129, 130.)

It is alleged in the complaint that the clerk "approved" the bond and this allegation is admitted by the answer, but appellant does not contend that this act was beyond the jurisdiction of that officer.

On the record before us we find no error in the action of the trial court.

Judgment affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 12, 1931, and the following opinion then rendered thereon:

THE COURT.—■ Appellant in its petition for a rehearing for the first time raises the question of the authority of the clerk of the municipal court to approve the bond in question. Of course such argument comes too late. (*Pasadena Ice Co.* v. *Reeder,* 206 Cal. 697, 705 [275 Pac. 944, 276 Pac. 995].)

Petition denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 11, 1931.