[Civ. No. 9628.   Third Dist.   Nov. 13, 1959.]

CLARA B. MILLER, Appellant, v. JOHN G. ST. ANDRE
et al., Respondents.

Clarence H. Pease for Appellant.

Brandenburger, White & Dillon for Respondents.

SCHOTTKY, J.—Clara B. Miller appeals from an adverse judgment in an action brought by her to set aside a sale of real property on the ground of fraudulent misrepresentation by the buyers, John G. St. Andre, and his wife, Garnet L. St. Andre, or alternatively on the ground that there was a mutual mistake of fact.

The record shows that the land in controversy lies in El Dorado County near Folsom Lake. It is in steep, rolling-hills country. Because of the terrain the actual acreage would be

difficult to ascertain without a survey. The plot in question was part of a farm on which Mrs. Miller resided from 1912 to 1954. Part of the property which constituted the farm was taken by the federal government in connection with the construction of Folsom Dam. The property sold to the St. Andres is bounded on the north by the "take line of Folsom Lake," and on the west by "Old Salmon Falls Road," on the southeast by the "New Salmon Falls Road," and on the south by a boundary connecting the two roads. Mrs. Miller had traversed both roads. From the intersection of the two roads most of the property was visible.

In January, 1956, Mr. St. Andre became interested in purchasing property near Folsom Lake. He met Don Miller, appellant's son, who told St. Andre, after an inquiry, that his mother had some land she would sell. Don Miller pointed out the boundaries of the land in question to Mr. St. Andre, who then called on Mrs. Miller. St. Andre testified that Mrs. Miller told him that she might sell the property for $5,000. At a second meeting between the parties it was agreed that the land would be sold for $5,000. At this meeting Mr. St. Andre received a receipt which read, "Payment on five acres of land at Salmon Falls." Mr. St. Andre testified that it was at his suggestion that some acreage be shown, and "so they said, 'We'll put five acres more or less; that will be sufficient.'" The deed to the property describes the property sold as being all that portion of the fractional west half of the northwest quarter of Section 1, Township 10 North, Range 8 East, M.D.B. and M., lying east of the center line of the Old Salmon Falls Road and north of the New Salmon Falls Road-Pilot Hill Road. The escrow was closed sometime after January 27, 1956. Prior to the time the escrow was completed Mr. St. Andre had been informed that there was as much as 7 or 8 acres in the plot. Later in 1956, after a survey was made, Mrs. Miller learned that the land sold actually contained 10.566 acres. She then brought this action for rescission based on fraud and alternatively on mutual mistake. A pretrial conference was held. The pretrial order issued in the case read, in part, that the remaining issues in dispute were:

"1. Whether said property was sold on the basis of $1,000 per acre with both of the parties understanding and believing that it contained approximately five (5) acres, when in fact it was later determined that it contained 10.566 acres instead of five (5) acres;

"2. Whether or not defendants as purchasers knew that

this property contained ten (10) acres, more or less, and so represented that it contained only five (5) acres to the plaintiff at the time of entering into this transaction;

"3. Under the second cause of action, whether or not the parties mutually but mistakenly believed the parcel contained about five (5) acres rather than 10.566 acres; that is, whether there was a mutual mistake such as to give rise to a rescission."

The cause proceeded to trial. The evidence was conflicting. After hearing the evidence, the court gave judgment for the St. Andres. The findings of fact made included the following:

"That the defendant did not induce the plaintiff to enter into said contract by fraudulently misrepresenting to plaintiff the acreage of said land . . . or the reasonable value thereof.

"That the real property intended to be conveyed by the parties and actually conveyed . . . was completely visible . . . .

"That the plaintiff and the defendants each knew the physical location, . . . of the property to be conveyed; . . . that neither plaintiff nor defendants knew the exact acreage contained therein."

One of the conclusions of law declared plaintiff was not fraudulently induced to enter the contract. Another that neither the plaintiff nor defendants or either of them were mistaken as to the nature of their contract and the extent of the property being conveyed.

■ Appellant contends most earnestly that the findings and judgment are not supported by the evidence, but her argument is in effect an argument as to the weight of conflicting evidence. It was for the trial court to weigh the evidence and as an appellate tribunal, unless we can hold that there is no substantial evidence to support the judgment, we must affirm it.

By the terms of the pretrial order only three points were in issue. These were whether or not the property was sold on an acreage basis; whether or not respondents knew the property contained 10 acres and whether the respondents represented to the appellant that the property contained 5 acres; and whether or not there was a mutual mistake of fact as to the acreage the property did in fact contain. These were the only issues on which findings were required since these were the only issues which were in dispute.

Appellant's cause of action was based on fraud and mutual mistake. A specific finding was made that respondents did not induce appellant to enter the contract by fraudulently misrepresenting the acreage. Two findings dispose of the issue

of mutual mistake. The first is that neither the appellant nor the respondents knew the exact acreage, and the second is that each knew the physical location and perimeter of the property and that the property was visible and had been seen by the appellant for months. If each knew the physical location of the property and neither knew the exact acreage, one may infer that there was no mistake and the property sold was intended to be sold. Both fraud and mutual mistake are questions of fact. (*Black* v. *J. N. Blair & Co.*, 145 Cal.App.2d 524 [302 P.2d 609] (fraud); *Roller* v. *California Pacific Title Ins. Co.*, 92 Cal.App.2d 149 [206 P.2d 694]; *Royer* v. *Carter*, 37 Cal.2d 544 [233 P.2d 539].) On conflicting evidence the trial court found for the respondents. The findings dispose of the issues, and the evidence is sufficient to support the findings.

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied December 3, 1959, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1959.