Filed 10/1/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br><br>AMERICAN SURETY COMPANY,<br><br>        Defendant and Appellant. | A157154<br><br>(Alameda County<br>Super. Ct. No. 17CR034479) |

A trial court set bail for a criminal defendant at $220,000.  Due to a miscommunication, jail authorities had the figure at $120,000.  American Surety Company (American) posted a bond for $120,000.  The defendant failed to appear at a scheduled appearance, whereupon the trial court ordered the bond forfeited.  Invoking venerable authority that a bail bond in an amount not set by the court is void (e.g., *County of Merced v. Shaffer* (1919) 40 Cal.App. 163 (*Shaffer*); cf. *Kiperman v. Klenshetyn* (2005) 133 Cal.App.4th 934, 939 ["a person may not be released on bond for an amount less than the amount of the bail ordered by the court"]), American moved to set aside the forfeiture.  The trial court denied American's motion, and entered summary judgment against American in accordance with Penal Code section 1306.

Having perfected this timely and authorized (Pen. Code, § 1305.5) appeal, American insists the bond was void from the outset.  American advances two contentions:  (1) "the posting of a bond in an amount different

1

from that ordered by the court did not create a valid contract" because a bond in such circumstances "does not confirm to the order of the court" and thus "is void for lack of mutual assent"; (2) the bond was void because the bail level was fixed without sufficient constitutional process, specifically, without consideration of the defendant's ability to pay.

There being no factual dispute, American's contentions receive our independent review. (*People v. Accredited Surety & Casualty Co.* (2018) 26 Cal.App.5th 913, 917; *People v. Bankers Ins. Co.* (2016) 247 Cal.App.4th 1004, 1007.)

American's first argument is predicated on the proposition that a bail bond is only a contract between the government and the surety who guarantees the defendant's appearance in court. (E.g., *County of Los Angeles v. Financial Casualty & Surety, Inc.* (2018) 5 Cal.5th 309, 314.) And the most elemental principle of the law of contracts is that there can be no contract unless the contracting parties reach a meeting of minds as to the material terms of the contract. (Civ. Code, §§ 1550, 1565, 1580, 1636; *Donovan v. RRL Corp.* (2001) 26 Cal.4th 261, 270.)

From this American reasons: "the amount of a bail bond (the acceptance) must conform to the order of the court (the offer) or the bond is void and the court is without jurisdiction to forfeit the bond or enter a summary judgment. This principle was recognized a hundred years ago in *County of Merced v. Shaffer* (1919) 40 Cal.App. 163, where the court found that a bond posted for the wrong amount was void. '[T]he bond in a criminal proceeding is purely statutory and must conform to the statute and order of the court. If it fails to do so it is not good even as a common law obligation.' . . . [¶] The cases relied upon by *Shaffer* [*Roberts v. State* (Kan. 1885) 8 P.246; *San Francisco v. Hartnett* (1905) 1 Cal.App. 652, 656] stand for

the broader proposition that a bond that does not comply with the order of the court is void."

We think otherwise. Authorities at the jail told American that the defendant could be released if a $120,000 bond was posted. American posted its bond in that amount, and the defendant was indeed released. Thus, it appears that minds did meet.

Nor do we believe *Shaffer* warrants the categorical reading American gives to it. *Shaffer* involved a motion to reform the bond actually accepted and filed, by which the two defendants and the two sureties undertook that " 'if he, or they, fail to perform any of these conditions, then he, or they, will pay' " the amount of the bond. (*Shaffer*, *supra*, 40 Cal.App. at p. 165.) Following *San Luis Obispo v. Ryal* (1917) 175 Cal. 34, the Court of Appeal held that the bond was ineffective because it did not comply with statutory provisions mandating that sureties be unambiguously responsible for an accused's failure to appear. (*Shaffer*, at p. 167.) "The bond executed by the defendants herein was . . . not only not binding upon them because they did not agree to pay anything themselves . . . ." (*Id*. at p. 168.) The bond in *Shaffer* was void in the sense it was a *nudem pactum*, worthless for its ostensible purpose, because the surety did not unambiguously commit itself to pay the sum of the bond. By contrast, the bond filed by American unambiguously obligated American to answer for the defendant's failure to appear, as required by Penal Code section 1459.

But there was a second ground for the decision in *Shaffer*: the bond was for an amount *greater* than that set by the court. And it was on this point that the *Shaffer* court spoke of the bond as "absolutely void" and "void upon its face." (*Shaffer*, *supra*, 40 Cal.App. at pp. 167 ["a bond in a sum greater than the order of the court is absolutely void"], 168 ["The bond

3

executed by the defendants herein . . . was absolutely void because it was in an amount in excess of the order of the court"].) The court's discussion of the second ground was unnecessary to its decision and in any event is authority only for the proposition that a bond issued in an amount *more* than the bail set by the court is void. Here, of course, the bond was for an amount *less* than the bail set by the court, an error that mostly likely redounded to American's benefit. To the extent some of the language in *Shaffer* is broader than necessary to support its holding, we do not find it persuasive.

In any event, *Shaffer* is not controlling. Neither are its cited authorities.

*Roberts v. State* is distinguishable because it too involved a bond in an amount greater than that set by the court. (*Roberts v. State* (1885) 8 P. 246.) There is even older precedent holding that a bail bond for a sum less than court-ordered is not void (*Chumasero v. State* (1857) 18 Ill. 405) but agreeing that a bond in an amount greater than fixed by a court is (*Waugh v. State* (1856) 17 Ill. 561).

Upon reflection, *San Francisco v. Hartnett* gives only momentary pause. There, a bond was successfully defended against forfeiture because the amount was set by a court clerk, not a judicial officer. (1 Cal.App. 652, 653–654.) Clearly, that is not what happened here. It may be speculated that it was the court clerk who may have misinformed jail authorities of the amount of bail set by the court. If this surmise is correct, the communication error was nothing like the usurpation seen in *Hartnett*.

We do note that, if this surmise is correct, there is reason to believe such a mix-up is infrequent, but not unknown. In the course of our research we encountered—but cannot mention by name—a number of unpublished

4

Court of Appeal decisions rejecting American's argument and distinguishing *Shaffer*.

Nor are we persuaded by more modern decisions cited by American, because none confronted the situation here.

*Kiperman v. Klenshetyn, supra*, 133 Cal.App.4th at page 939, which does cite *Shaffer* for the proposition that "a person may not be released on bond for an amount less than the amount of the bail ordered by the court," is distinguishable because it involved a dispute over whether the surety could retain the premium for a bond that was not forfeited.

*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588 did cite *Shaffer* in a footnote (*International Fidelity Ins. Co.*, at p. 595, fn. 4) but not for the principle that a bond that does not comply with the order of the court is void. There, the trial court erroneously included a forfeited bond when setting new bail. The defendant was released for less than the full amount of bail ordered, but the error was clearly judicial. (*Ibid.* [distinguishing *Shaffer* on the ground that "The present case is slightly different because the bail order (not the bond) failed to conform to the applicable rules of law"]; accord, *People v. Lexington National Ins. Co.* (2015) 242 Cal.App.4th 1098.)

*People v. Accredited Surety & Casualty Co.* (2012) 209 Cal.App.4th 617, disapproved on another ground in *County of Los Angeles v. Financial Casualty & Surety, Inc., supra*, 5 Cal.5th at page 318, fn. 5, did not mention *Shaffer*, involved multiple bails and multiple bonds which were for more than the figure set by the court.

Although in the authorities cited by American there are scattered references to a bond being "void," we cannot conclude they establish

American's contractual theory. Indeed, they only suggest what might be the obvious contractual approach.

Without actually using the words, American intimates that there was a mutual mistake, which might be a basis for reforming the agreement (Civ. Code, § 3399) or rescinding it (*id.*, §§ 1577, 1689, subd. (b)(1)). We elect not to address this issue, which is ordinarily one of fact (*Harris v. Rudin, Richman & Appel* (2002) 95 Cal.App.4th 1332, 1338–1340; *Miller v. St. Andre* (1959) 175 Cal.App.2d 259, 262), because it was not made to the trial court, and thus is to be rejected according to the fundamental principle that " 'issues not raised in the trial court cannot be raised for the first time on appeal.' " (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; see 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 400, p. 458, and authorities cited.) Moreover, the point is made glancingly for the first time in American's reply brief and in an unauthorized manner. (Cal. Rules of Court, rule 8.204(a)(1)(B) ["Each brief must . . . [¶] State each point under a separate heading or subheading summarizing the point, and support each point by argument, and . . . citation of authority"]; *People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained . . ."].)

As for American's second argument, that the bond is invalid because the trial court set bail without considering the criminal defendant's ability to pay when it set the amount of the bail, it too was not made in the trial court. Had the point been properly preserved for review, we would reject the argument on its belated merits.

American's reliance on *Arevalo v. Hennessy* (9th Cir. 2018) 882 F.3d 763 and our recent decision in *In re Humphrey* (2018) 19 Cal.App.5th 1006, rev. granted, May 23, 2018, S247278, is misplaced. Both of those decisions

6

are inapposite because each involved a petition for habeas corpus by a pretrial detainee alleging due process issues in the amount of bail set. Moreover, the sole issue addressed in *Arevalo* was whether the district court was correct in invoking the abstention doctrine as a basis for dismissing the habeas petition.

In any event, and even assuming that American had standing to protest an asserted violation of a third party's constitutional right, it is well established that " '[d]efects and irregularities . . . in the proceedings preliminary to the taking of bail are considered as waived by the surety when it assumes its obligations as such at the time of the execution of the bond,' " and any "noncompliance with the procedural requirements for setting bail '[has] no legal effect on the forfeiture of bail upon defendant's failure to appear . . . .' " (*People v. Accredited Surety & Casualty Co.* (2019) 34 Cal.App.5th 891, 898.) "Nothing in *Humphrey* or the statutory rules regarding the setting of bail relieves the surety of its obligations under the bond once it has been executed," nor does it "render the subsequently issued bond void." (*Id.* at pp. 898, 899.) As another Court of Appeal put it, "any noncompliance with *Humphrey* would, at best, render the bail order voidable *as to the defendant, not as to the surety*." (*People v. North River Ins. Co.* (2020) 48 Cal.App.5th 226, 235.) There is contrary authority (*People v. Financial Casualty & Surety, Inc.* (2019) 39 Cal.App.5th 1213), but we do not find it persuasive.

Further, even assuming that American had raised the issue in a timely fashion and had standing to raise it, American still would not prevail, because we would simply note the obvious: "Although the trial court did not specifically inquire into or make findings regarding [the] defendant's ability to post bail, [the] defendant *was* undeniably able to do so, and we may

7

reasonably infer his ability to post bail from the fact that he did." (*People v. North River Ins. Co.*, *supra*, 48 Cal.App.5th at p. 237.)

No one disputes the statutory directive that "the bail shall be in the amount fixed by the judge." (Pen. Code, § 1269b. subd. (b).) We have no reason to doubt that all involved acted conscientiously and that compliance occurs in the overwhelming number of instances where release on bail is allowed. The Legislature has made provision for a defendant being released other than as ordered by the court—to do so is a misdemeanor (*id.*, § 1269a), but no civil liability attaches (Gov. Code, § 845.8, subd. (a); *Thompson v. County of Alameda* (1980) 27 Cal.3d 741). What appears to have occurred here may amount to clerical error, which is not included on the statutory grounds for avoiding forfeiture. (See Pen. Code, §§ 980, subd. (b), 1000.2, subd. (b), 1116, 1188, 1296, 1305, 1371, 1384.) Finally, we would be loath to sustain American's argument because it would produce the anomalous result that American would reap a windfall, keeping the bond premium without running any risk of being held to account on the bond.

The summary judgment is affirmed.

 

                                    _____

                                    STEWART, J.

WE CONCUR:

_____

KLINE, P. J.

_____

RICHMAN, J.

*People v. American Surety Company* (A157154)

9

Trial Court:                        Alameda County Superior Court

Trial Judge:                        Hon. Paul A. Delucchi

Counsel for Appellant:              Law Office of John Rorabaugh; John Mark
                                    Rorabaugh and Crystal L. Rorabaugh

Counsel for Respondent:             Donna R. Ziegler, Alameda County Counsel;
                                    Scott J. Feudale, Deputy County Counsel